INSCORE *v.* PET MILK CO.

(*Knoxville*, September Term, 1950.)

Opinion filed June 16, 1951.

JAMES N. HARDIN, of Greeneville, for plaintiff.

B. B. FRAKER, of Greeneville, for defendant.

Mr. Justice Gailor delivered the opinion of the Court.

This is a proceeding under the Workmen's Compensation Act, Code, Sec. 6851 et seq., in which Inscore as an employee, seeks compensation from his employer, the Pet Milk Company, for permanent total disability on account of a back injury arising out of and in the course of his employment.

After hearing a number of lay and expert witnesses, both for Petitioner and Respondent, the Trial Judge awarded compensation for permanent total disability, finding that (1) the injury was the result of an accident which ocurred in the course of employment, and (2) that Petitioner was permanently and totally disabled as a result of said accident from performing manual labor or pursuing any gainful occupation for which he was fitted.

After motion for a new trial was overruled, the Respondent employer perfected an appeal and makes three assignments of error:

(1) That there was no material evidence to support the judgment of the Trial Court.

(2) *The evidence preponderates in favor of the defendant.* The greater weight of the evidence being to the effect

that petitioner is not disabled more than 25%, and that such disability is the result of a congenital condition and not the result of the accidental injury.

(3) *The greater weight of the evidence is to the effect* that petitioner has fully recovered from any accidental injury which he may have suffered while in the employment of the defendant.

■ Assignments of error two and three are overruled, since this Court has held in an unbroken line of decisions from the first appeal to the Court after the passage of the Workmen's Compensation Act, that the determination of the preponderance of the evidence was final with the Trial Judge and beyond the scope of our legitimate review. We have repeatedly held that if there was material evidence to support the decision of the Trial Judge on the evidence, that this Court would not disturb his finding. *Ezell* v. *Tipton,* 150 Tenn. 300, 264 S. W. 355; *Bon Air Coal & Iron Corp.* v. *Johnson,* 153 Tenn. 255, 283 S. W. 447; *Ware* v. *Ill. Cent. Ry. Co.,* 153 Tenn. 144, 281 S. W. 927.

■ Likewise, the credibility of witnesses, *Odom* v. *Sandford & Treadway,* 156 Tenn. 202, 299 S. W. 1045, and the qualification of experts, *Powers* v. *McKenzie,* 90 Tenn. 167, 16 S. W. 559; *Bruce* v. *Beall,* 99 Tenn. 303, 41 S. W. 445; *Roper* v. *Memphis St. Ry. Co.,* 136 Tenn. 23, 188 S. W. 588, are matters finally determined in the Trial Court and will not be disturbed on appeal unless there is an obvious abuse of discretion. There is no insistence made nor showing that the Trial Judge abused his discretion in the present case. He merely believed one set of witnesses and disbelieved the others.

■ In the present case, the only reviewable question presented by the appeal is whether there was substantial

material evidence to support the finding of the Trial Judge. After giving the details of the accident and injury which occurred on August 8, 1949, while he was lifting a case of milk in the packing room of the Respondent, Petitioner testified that prior to the accident his back had caused him no discomfort nor disability from manual labor, and that immediately after the accident he had suffered such severe pain that he was disabled from performing any type of manual labor, and that this disability continued at the time of the trial. Dr. Hal Hardin and Dr. J. B. Lawrence both supported the Petitioner's testimony, and with lighted X-ray pictures, which the Doctors had made of Petitioner's back, demonstrated to the Trial Judge the spinal displacement or abnormality which they testified was probably traumatic in origin, and which caused Petitioner's disability. Accordingly, we find that there was material substantial evidence to support the following finding of the Trial Judge: "From the evidence in this case I find, (1) that the injury was caused by accident arising out of and in the course of his employment with the defendant. I find that either the accident caused his disability, or the accident accelerated or aggravated a condition that existed thereby bringing about the disability. I am inclined to the view that it brought about the disability, but in either case the disability was caused by the accident. (2) I find that the plaintiff or petitioner at this time is totally disabled to engage in any manual labor or any work he is reasonably fitted for. This is borne out by the plaintiff, his lay witnesses and some of the doctors. He certainly has carried the burden of proof in that respect."

All assignments of error are overruled and the judgment is affirmed.

All concur.