PATTERSON TRANSFER Co. *et al.* v. LEWIS.

(*Nashville,* December Term, 1952.)

Opinion filed July 17, 1953.

WINCHESTER & BEARMAN, of Memphis, for appellants.

T. B. PASSMORE, of Memphis, for appellee.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is a case arising under the Workmen's Compensation Act in which the trial court has made an award, and the defendants have appealed. The only question presented is whether death of the employee arose out of the employment under a proper construction of Code Sec. 6852(d). Bernice Lewis, widow of the deceased employee, Willie Lewis, filed the petition against the employer, Patterson Transfer Company and its insurance carrier, Bituminous Casualty Corporation.

Lewis was a truck driver, and while unloading a truck load of plumbing fixtures on the platform of the N. C. & St. L. Freight Depot in Memphis, on February 6, 1952, he had a heart attack and died before reaching a hospital.

Three doctors testified as experts at the trial. A pathologist, who had made an autopsy, testified that the immediate cause of death was a coronary occlusion, caused by thrombosis or clot and that the deceased employee was suffering from chronic arteriosclerosis. The pathologist was unwilling to say whether or not the actions of Lewis at the time of death, or his physical exertion then, aggravated or accelerated the fatal effect of his chronic arteriosclerosis. He did not deny that action and exertion immediately prior to death might have been a contributing cause. On the other hand, the two general practitioners, whose testimony was accepted as expert by the learned Probate Judge, cf. *Inscore* v. *Pet Milk Co.*, 192 Tenn. 593, 595, 241 S. W. (2d) 581, gave it as their expert opinion that the activity and physical exertion of Lewis immediately prior to his death, was a contributing and accelerating factor. Specifically, Dr. Watkins testified:

"I feel that the strain on his heart caused by the exertion is what caused this man's death."

Dr. McCleave testified substantially to the same effect.

The elaborate argument that this testimony was speculation, is not persuasive, since expert medical opinion on the mysterious functioning of the human body must always be more or less speculative, and we are not called on to draw a line between expert "speculation" and expert "opinion" since the acceptance of the testimony and the credibility of witnesses are foreclosed by the decision of the trial judge. *Inscore* v. *Pet Milk Co.*, supra. Expert medical opinion of the effect of exertion and worry on coronary thrombosis was held the "best evidence" in *Howell* v. *Charles H. Bacon Co.*, D. C., 98 F. Supp. 567, and disability from aggravated coronary

thrombosis (from lifting and carrying iron pipe) was held compensable in *Sage* v. *Tennessee Eastman Corp.*, D. C., 98 F. Supp. 893.

In this case, after a careful and detailed finding of facts, the learned Probate Judge said:

"The Court finds, as the most reasonable inference from all the circumstances and the testimony of the doctors, and the liberal construction given the Act, that Willie Lewis was suffering from a diseased heart condition, coronary arteriosclerosis; that the strain on his heart vessels from the physical exertion involved in his work in unloading said shipment and lifting or holding said fixtures aggravated his said diseased heart condition and occasioned and hastened his death; that his death under said circumstances is attributable to an accidental injury arising out of and in the course of his employment."

█ It is argued for the defendants that this case is controlled by *Anderson* v. *Volz Const. Co.*, 183 Tenn. 169, 191 S. W. (2d) 436. In the Anderson case, the trial judge denied compensation and in the present case he has made the award. In workmen's compensation cases, the appellant does not have a trial de novo in this Court, but the appeal here is in the nature of a writ of error under the scope of review defined in Rule 14, 185 Tenn. 866-871; *Mullins* v. *Tennessee Stave & Lbr. Co.*, 155 Tenn. 132, 290 S. W. 975. In the Anderson case, the claimant sought compensation for death by heat stroke. The autopsy disclosed that death was not caused by heat stroke but by an independent heart attack. There was no insistence apparently, that the exertion of his employment had caused the heart attack. The trial judge found that the cause of death was not a heat stroke, and denied the compensation. Since his finding was supported by the evi-

dence, we affirmed his judgment. Since the Anderson case, this Court has consistently held that death or disability from heat stroke, without "external accident" is compensable. *Milstead* v. *Kaylor,* 186 Tenn. 642, 212 S. W. (2d) 610; *Moss Tie Co.* v. *Rollins,* 191 Tenn. 577, 235 S. W. (2d) 585.

In a recent case, *Cunningham* v. *Hembree,* 195 Tenn. 107, 257 S. W. (2d) 12, this Court affirmed an award for death caused by a cerebral vascular hemorrhage, although there had been no injury "by violent, external accidental means." The fact that death occurred while the employee was engaged in his usual and normal employment, without external accident, is not controlling since the opinion of this Court in *King* v. *Buckeye Cotton Oil Co.,* 155 Tenn. 491, 296 S. W. 3, 53 A. L. R. 1086.

Here, we have a case where the cause of death is not disputed. It was coronary thrombosis and the evidence shows no prior or concurrent accidental physical injury which preceded the coronary occlusion which caused death.

As Judge Green said in *Prudential Ins. Co.* v. *Gang,* 184 Tenn. 188, at page 191, 197 S. W. (2d) 806, at page 807:

"As a matter of fact, heart ailment is now so common if it be serious, that we may take judicial notice that rest and quiet are demanded if the victim is to survive."

The two doctors introduced for the petitioner gave it as their expert opinion, that the exertion attendant upon the manual labor being performed by the employee when he was stricken, was a strain on his diseased heart and arteries which caused death. If an ordinary exertion or usual strain produces an unusual result, is the resulting injury by accident? It is now well established that ordinary and usual exertion at work resulting in injuries,

is compensable. Awards have been upheld on the basis of accidental injury where the strain in tightening a nut in the ordinary manner, caused an aneurism to break, *Griffin's Case,* 315 Mass. 71, 51 N. E. (2d) 768; where unloading bags of cement caused a cerebral hemorrhage, *Lumberman's Mut. Cas. Co.* v. *Griggs,* 190 Ga. 277, 9 S. E. (2d) 84; coronary thrombosis from ordinary lifting, *Peterson* v. *Safeway Stores,* 158 Kan. 271, 146 P. (2d) 657.

"By all authorities an occurrence to be accidental must be unusual, undesigned, unexpected, sudden. The word is commonly predicated of occurrences external to the body, e. g. wrecks, explosions, collisions, and other fortuitous mishaps in the world of things about us. Such external accidents may or may not cause bodily injuries. But an internal injury that is itself sudden, unusual, and unexpected, is none the less accidental because its external cause is a part of the victim's ordinary work.

"If a laborer performing his usual task, in his wonted way, by reason of strain, breaks his wrist, nobody would question the accidental nature of the injury. If instead of the wrist it is an artery that breaks, the occurrence is just as clearly an accident. So held by this court in the case of *Patrick* v. [*J. B.*] *Ham* [*Co.*], [119 Me. 510, 517, 111 A. 912, 13 A. L. R. 427]. And if the strain, instead of causing the rupture of a subordinate blood vessel, produces a sudden dilatation of the heart itself, the occurrence is none the less accidental.

" 'A strain incurred by the workman in the ordinary discharge of his duties caused the rupture from which he died. * * * It is not open to this court to say that this is not an accident.' *Hughes v. Clover,* 2 B. W. C. C. 17.

" 'By the term "injury" is meant, not only an injury the means or cause of which is an accident, but also an injury which is itself an accident.' *Carroll* v. *Ind. Com.*, 69 Col. 475, 195 P. 1098, 19 A. L. R. 107.

" 'It is enough that the causes, themselves known and usual, should produce a result which * * * is neither designed nor expected.' 25 Harvard Law Review, 340.

\* \* \* \* \* \*

" ' 'The physical structure of the man gave way under the stress of his usual labor. * * * The term "accident" applies to what happened to him, as clearly as it would apply to what happened to the car had it broken down under the assumed circumstances.' *Gilliland* v. [*Ash Grove Lime &*] *Portland Cement Co.*, 104 Kan. 771, 180 P. 793.

" 'In the case at bar there was no external accident, no mishap in the environment. The workman was doing his work in the natural, normal, and regular way. He was doing his work exactly as he intended to do it. But the injury was accidental.' [*Terre Haute Malleable &*] *Mfg. Co.* v. *Wehrle*, [76 Ind. App. 656], 132 N. E. 698." *Brown's Case*, 1924, 123 Me. 424, 425, 426, 123 A. 421, 422, 60 A. L. R. 1293.

In an interesting case from the Supreme Court of Washington, where it was declared that " ' 'An accident arises out of the employment when the required exertion producing the accident is too great for the man undertaking the work, whatever the degree of exertion or the condition of the workman's health' ' ', compensation was allowed for a heart injury although there was no evidence of trauma or " 'actual strain in the sense of transmitted hydrostatic force,' '' *Northwest Metal Products, Inc.*, v.

*Department of Labor and Ind.,* 12 Wash. (2d) 155, 120 P. (2d) 855, 857.

■ The definition of ''accidental injury'' as it is applicable to workmen's compensation, and ''accident'' as defined in policies of ''accident insurance'' are separate and distinct legal terms, but confusion of the two has led to results in decisions which are irreconcilable. Our Workmen's Compensation Act, Code Sec. 6852(d), provides compensation for ''injury by accident''. There is no suggestion in the statute that such ''injury by accident'' is limited to injury caused by ''violent, external, accidental'' means as provided in many policies of accident insurance. In the case before us, the dislodgment or displacement of an arterial clot caused an occlusion or stoppage in the heart which was fatal. The dislodgment of the clot was internal, but it was, nevertheless, accidental and an injury, compensable under the statute.

■ The trial court accepted the testimony of the two physicians introduced by the petitioner. There was no conflict in the evidence, as the evidence of the pathologist was negative. That doctor merely said that he refused to give as his expert opinion, that the exertion of manual labor at the time of death, contributed to the coronary occlusion. He did not say that it did not do so, but merely that he could not say whether it did or not.

The judgment below, being supported by the positive evidence of the two doctors called for the petitioner is, therefore, conclusive here.

Affirmed.