Emma GUNNING

v.

The MEAD CORPORATION.

No. 972.

United States District Court
E. D. Tennessee, Northeastern D.
May 22, 1956.

Brantley Blue, Burkett McInturff, Kingsport, Tenn., for plaintiff.

Penn, Hunter, Smith & Davis, Kingsport, Tenn., for defendant.

TAYLOR, District Judge.

At the conclusion of the trial, the Court orally from the bench made findings of fact, the transcriptions of which have been carefully examined as to correctness and sufficiency. No additional findings are deemed necessary. Decision was reserved awaiting the filing of additional briefs and for closer and more extended study of the legal principles which apply to the findings, this being one of those occasional and difficult borderline cases.

Initially the findings point to the following as the controlling question. Is death from heart attack compensable where the first attack occurred while the employee was doing his regular work in the usual manner and there is no evidence of unusual strain or other untoward event causally related to the attack?

In considering this question, it is to be observed, first, that the employee was at work; second, that the attack occurred while he was actually engaged in the performance of his duties; third, that for an undetermined number of months prior to the attack he had been afflicted with arteriosclerosis and with a heart condition which had been defined as angina. Accordingly, inquiry is directed to those conditions and activities which, conjoined to an already afflicted heart, could have caused the attack, as well as to such evidence as the record presents that they did cause it.

■ It appears that a few minutes before his attack the employee had ascended two flights of stairs having a total of about seventy steps, or risers. Because this was routine procedure, it could not be called untoward or fortuitous in the usual sense. In the present liberal and humane state of the law, however, that conclusion is not controlling. Accident is not now to be limited in definition to subjection of the employee to some unexpected, unusual or untoward external force. An ingredient of accident is the result of the exertion, where that result is itself unexpected and fortuitous.

■ The rationale of this view of accidental injury can be seen in those cases dealing with heatstroke, heart failure and strain, or overexertion. Injury caused by overexertion is compensable. Swift & Co. v. Howard, 186 Tenn. 584, 212 S.W.2d 388. But what is overexertion? Does it appear only where the employee's burden is increased? Or may it also appear where his strength has diminished below the requirements of his usual burden?

■■ As applied to employee injuries, overexertion is an individual rather than a general term. It is related exclusively to the person injured. Applied to that individual, its principal ingredient is unusual effect, rather than unusual cause. For instance, if because of some hidden affliction and its resultant sapping of the employee's strength to where it has reached the breaking point under the stress of regular work, for that individual the break is the result of overexertion. It is a case of overexertion because the individual broke under its force. The break was the accident, the fortuitous and unexpected event. Patterson Transfer Co. v. Lewis, 195 Tenn. 474, 260 S.W.2d 182.

This reasoning requires that the question asked above be restated. As restated, it is this. Was there causal relation between the employee's heart attack and his regular work? It should be recalled here that possibility of such causal relation existed. The employee's heart was in an afflicted condition. He was also suffering from arteriosclerosis, commonly known as hardening of the arteries, one of its results being to place additional burden upon the heart where exertion increases the need of accelerated blood circulation. Added to the deteriorated condition of the employee's circulatory system there is the fact that a short time before the attack he had ascended two long flights of stairs.

In the Patterson case, supra, the court quoted from one of its earlier decisions, as follows: "As Judge Green said in Prudential Ins. Co. [of America] v. Gang, 184 Tenn. 188, at page 191, 197 S.W.2d 806, at page 807:

" 'As a matter of fact, heart ailment is now so common if it be serious, that we may take judicial notice that rest and quiet are demanded if the victim is to survive.' " Patterson Transfer Co. v. Lewis, 195 Tenn. 474, at page 478, 260 S.W.2d 182, at page 184.

■ Here the employee had a prior history of heart trouble and arteriosclerosis. In line with the language quoted above, the Court takes judicial notice that climbing of stairs is condemned by the medical profession as among the ac-

-tivities most harmful and dangerous to persons so afflicted.

An additional cause of stress may be found among the facts heretofore stated. One of the two machines under the employee's supervision was down, that is, undergoing change-over from production of one kind of paper to another. While down, it was out of production. This idle period was one of concern and at least mild anxiety for the employee, who was responsible for keeping the machine in production. Medical testimony is to the effect that anxiety operates as an injurious stress upon an afflicted heart.

While it appears from the foregoing that possibility of causal relation existed, medical opinion is divided as to the existence of causal relation in fact, a situation which forces a choice of whom to believe. Where medical testimony thus leaves the question in dispute the Court is "free to adopt that view which is most consistent with reason and justice." Benjamin F. Shaw Co. v. Musgrave, 189 Tenn. 1, at pages 11 to 12, 222 S.W.2d 22, at page 26. Similarly, where medical testimony is such that conflicting inferences may be drawn, one that causation existed between the injury and the work, the other that it did not exist, that inference which seems to the Court the stronger and more reasonable may be drawn. Howell v. Charles H. Bacon Co., D.C., 98 F.Supp. 567.

From medical testimony that causation could have existed, one doctor's opinion that it did exist, and proof that natural deterioration afflicted the employee which lowered his heart's resistance to stress, what appears to the Court to be the more just and reasonable inference is drawn, namely, that the employee's heart attack was caused by the stress of his regular work, which work included the preparatory activities mentioned in the findings, particularly the climbing of the stairs. From this the legal conclusion is drawn that the heart attack was an accidental injury arising out of and occuring in the course of the employee's employment environment and activities.

From this first heart attack to the subsequent death from coronary occlusion there was a continuous disability, with no intervening cause between the first and second attacks. As the employee's disability, started by the first heart attack, was a continuing affliction that culminated in death, the Court finds that the death, also, was the result of an accident, therefore compensable. Plaintiff, accordingly, is entitled to the benefits provided by the compensation law in death cases.

McMahan v. Travelers Insurance Co., D.C., 114 F.Supp. 286, relied on by defendant, is distinguishable on its facts from the present case.

Let an order be prepared in conformity with the foregoing opinion.