THOMAS M. COLEMAN and AMERICAN CASUALTY COMPANY, etc.

*v.*

SARAH BIDDIE COKER.

*(Nashville,* December Term, 1958.)

Opinion filed January 23, 1959

HOWARD, DAVIS, BOULT & HUNT, JOHN T. CONNERS, JR., Nashville, for plaintiffs in error.

CLAUDE W. CALLICOTT, Nashville, for defendant in error.

MR. JUSTICE BURNETT, delivered the opinion of the Court.

This is a workmen's compensation case arising under Section 50-901 et seq., T.C.A. The trial judge found that the death of the employee arose out of and in the course of his employment and thus awarded compensation to the

widow. An appeal has been seasonably perfected, briefs filed and arguments heard. We now have the matter for determination.

■ Coleman is in the general contracting business in Nashville and the named insurance company is his insurance carrier. Coleman employed Joe Richard Coker, a carpenter, shortly before August 29, 1957. Coker had only been employed a few days before his death. He was employed through the Carpenter's Union without any prior investigation on the part of the employer as to his previous physical disabilities. He, at the time of his employment, was asked no questions nor made no representations as to his previous physical disabilities. On the date of the death it is found by the trial judge that the man died of a heart attack which was due to aggravation by strain, effort and exertion of his work, of this pre-existing condition. The finding of the trial judge was this, that the death was due to angina pectoris, a pre-existing ailment or disease which was aggravated by the strain, effort and exertion in his work.

The plaintiff in error in this appeal assigns three errors to-wit: (1) there was no evidence to support the court; (2) the court erred in holding the injuries were accidental arising out of and in the course of his employment; and (3) the court erred in not dismissing the suit because the deceased's death was brought about by reason of the willful misconduct of the deceased "in refusing to follow his doctor's instructions."

■ It is conceded by the plaintiff in error that this Court:

"* * * is committed to the proposition of law that an employee who dies in the course of his employment

as a result of a heart attack, although suffering from a previous heart disease, is covered under the Workmen's Compensation Act even if the result was produced by ordinary exertion and usual strain of the work.''

Counsel cite as the most extreme case in which this Court has decided this question the case of *Nashville Pure Milk Co. v. Rychen,* 204 Tenn. 575, 322 S.W.2d 432. There are numerous other related cases which are reported upon which this principle and proposition is based. Some of these will hereinafter be referred to. Some of these cases in which we have determined that if the physical activity and exertion of an employee's work aggravates a pre-existing heart condition, precipitates the fatal heart attack, and thus hastens his death, such death is the result of accident arising out of and in the course of the employment within the meaning of our Workmen's Compensation Law. *Patterson Transfer Co. v. Lewis,* 195 Tenn. 474, 260 S.W.2d 182; *Heron v. Girdley,* 198 Tenn. 110, 277 S.W.2d 402; *Cambria Coal Co. v. Ault,* 166 Tenn. 567, 64 S.W.2d 18; *Lucey Boiler & Mfg. Corp. v. Hicks,* 188 Tenn. 700, 222 S.W.2d 19.

We long ago likewise adopted the rule (a very salutary one) that the employer takes the employee as he finds him when he employs him. This Court in *Swift & Co. v. Howard,* 186 Tenn. 584, 212 S.W.2d 388, 391, said:

''When an employer employs a workman he takes him as he is and assumes the risk of having a weakened condition, aggravated by some injury which might not hurt or bother a perfectly normal, healthy person. If the injury is the proximate cause of the disability, i. e., excites and aggravates a previous weakened condition then the employer is liable.''

In the present case it is shown that some 18 months prior to the death of Mr. Coker a very noted heart specialist in Nashville had diagnosed Mr. Coker's condition and had informed him at the time that he was not to do any hard work and was to keep off of liquor and follow a certain diet, etc. He was told at that time that doing the work that he was doing at the time of his death might cause his death. This doctor testifying in this lawsuit after the death of Mr. Coker testifies that his death was due to this heart trouble and that ''it is my opinion that it unquestionably precipitated the attack.'' That is when he was asked what effect the exertion of this work had on his previous condition.

He was asked what he meant by the word ''precipitated'' and the Court injected, ''Brought it on'', and then the doctor answered: ''Yes sir''.

This unquestionably is very strong material evidence that the fatal heart attack was caused by the work in which Mr. Coker was engaged. There was no evidence to the contrary. Thus it is that the first two assignments of error above must be overruled because the evidence clearly shows that this deceased was working for this employer at the time and that the work that he was doing precipitated or brought on a condition from which he died. Thus there is material and ample evidence to support the finding and basis of the trial judge's holding that this was a compensable case.

The issue argued most strenuously in the briefs and at the Bar of this Court is that the death of Mr. Coker was brought about by his ''willful misconduct'' as that term is used in Section 50-910, T.C.A.

By checking the annotation to the Code 'Section₁ (50-910, T.C.A.) it will immediately be seen that this question has been raised on many and sundry different kinds of propositions in these workmen's compensation cases. In the first place the employer or insurance carrier raising the question has the burden of proof to show that the injury was due to the willful misconduct of the employee. _Frost v. Blue Ridge Timber Corp._, 158 Tenn. 18, 11 S.W.2d 860.

As to what constitutes willful misconduct it is said in some of these cases that even recklessness, an employee subjecting himself unnecessarily to danger will not constitute willful misconduct, _Moore v. Cincinnati, N. O. & T. P. R. Co._, 148 Tenn. 561, 256 S.W. 876, and willfully means intentionally, that is the person doing the act intended at the time to perform that act. _Ezell v. Tipton_, 150 Tenn. 300, 264 S.W. 355, and willful misconduct connotes intention, purposeful, violation of orders, but also an element of perverseness. _American Mut. Liability Ins. Co. v. Garth_, 174 Tenn. 297, 125 S.W.2d 140. Many other cases could be cited in which this term is referred to and discussed. It will be seen though that by examination of these cases and the authorities there cited and other text books on the subject that in the overwhelming majority of cases in which this defense has been made it has failed because of the absence of willfulness as that term is normally and usually defined and understood.

One of the text writers, Larson, Workmen's Compensation Law, Vol. 1, Sec. 32.20, goes to the extent of saying that this provision in the Statute is not necessary and should not be there at all. He says though:

"As long as it is there, it will continue to be asserted in all sorts of cases, since it has a deceptively broad

sound, and the only effect will be to lengthen the list of abortive efforts to turn it into a sort of general defense based on employee fault.''

A study of the cases in which the defense has been asserted over the Country, unsuccessfully, shows that although what the employee did was prohibitive that his acts were instinctive or thoughtless rather than intentional and deliberate and thus it does not comply or come within the willful rule. The term needs no further discussion because the word within itself signifies what is meant, that is, regardless of what an employee is told he goes on ''hellbent for election'' anyhow.

In the case before us the deceased had had angina pectoris for a period of at least three years prior to his death. For approximately 18 months he knew he had this heart condition. The doctor had advised him against doing carpentry work and this advice, it would be gathered from the proof, was given him some 18 months prior to this attack. This doctor had prescribed diet, rest, the use of certain medical tablets and warned against strenuous exertion and this of course is the usual prescription in such cases. Along with the further statement the doctor says that he thought it best for this patient to abstain from the use of alcohol. The record shows that Mr. Coker did comply with this advice on all these matters except the continuing of his work at a trim carpenter. Even though this was advised against by the doctor he did not specifically forbid him to do so. As we read the record no such precise order was given. It does not appear that the doctor with the full knowledge of the fact that Mr. Coker was continuing to work, ever warned him against working, and it does not appear that he ever

in unequivocal terms brought home to this man the fact that in doing his usual work he was placing himself in imminent peril.

At any rate this man worked at different intervals over a period of 18 months prior to his death, after being advised of his condition and he had gotten along reasonably well during that time and there is nothing as far as the record shows that on the day in question he was doing anything different from what he had been doing off and on for the last 18 months. He of course might have forgotten that a year and one half before the doctor had warned him against such work. The fact that he had engaged in this during this time was certainly sufficient to take the fact away from his immediate consciousness that he was in immediate danger.

As we see it at the most this was not a willful act on the part of the deceased, it was certainly inadvertence and a mistake of judgment as it has turned out, but inadvertence or mistake of judgment or negligence, or even gross negligence, fall far short of being willful misconduct under the authorities above cited.

Thus it is that after giving this matter considerable thought and investigation and listening to the able arguments and reading and re-reading the briefs herein, and authorities, we are firmly convinced that there was no willful misconduct on the part of this deceased as would prohibit a recovery under the statute above referred to.

■ This problem of willful misconduct as well as the question of whether or not there is any evidence to show that a previous disability was aggravated or exaggerated to the extent of bringing about the compensable action

herein is a question of fact, not of law, and a finding of fact on this point by the trial judge based on medical testimony, as it was, as we have shown above, will not be disturbed by us on appeal.

Thus it is that we are convinced that the trial judge reached the correct conclusion under the facts of this case and the law applicable thereto. His judgment will be affirmed with costs.