**AETNA CASUALTY & SURETY COMPANY, Appellant,**

v.

**Kittie Lee JOHNSON, Appellee.**

**No. 14024.**

United States Court of Appeals
Sixth Circuit.

May 2, 1960.

McAfee Lee of Key & Lee, Knoxville, Tenn., for appellant.

Paul E. Parker of O'Neil, Jarvis, Parker & Williamson, Knoxville, Tenn., for appellee.

Before SIMONS, Senior Circuit Judge, and MILLER and O'SULLIVAN, Circuit Judges.

## PER CURIAM.

Kittie Lee Johnson, appellee and plaintiff below, was awarded a judgment under the Tennessee Workmen's Compensation Act because of the death of her husband, Ernest Clay Johnson. He died of a heart attack while at work at the plant of his employer.

Prior to the day of his death, there had been no indication that he was suffering from a heart illness. On the morning of his death, however, he was ill and experiencing symptoms which, after his death, were recognized as being consistent with the onset of a heart attack. He was ill before he left home. He drove to the plant, and there gave some attention to his ordinary duties, but within a short time advised his supervisor that he was not feeling well and wanted permission to go to the plant dispensary. He was taken there by a fellow employee in a truck. He was examined by a doctor in the plant dispensary and described the illness which he had experienced, both at home and at the time he arrived at work, namely, a constricting type sensation, sub-sternal, and in the right hand and shoulder, with tingling of hands and feet. A general examination was made, including an electrocardiogram. The latter was negative as to any demonstrable heart involvement. His blood pressure was found to be 150 over 90. The examining doctor did not at that time conclude that Johnson was suffering from a heart attack. Following the examination, Johnson remained in the dispensary and rested for a couple of hours before returning to work.

He returned to work at about 11:30 in the morning. His work included walking up a flight of stairs and some other physical exertion. While at his work bench shortly after 2:00 o'clock in the afternoon, he toppled over and died. The cause of his death was a coronary occlusion.

Medical testimony at the trial indicated that the symptoms the deceased was experiencing before he left his home that morning, at the time he arrived at the plant, and at the time he was being examined at the dispensary, could have been consistent with, and diagnosed as, evidence of the onset of a heart attack. A heart specialist called by plaintiff testified that a correct diagnosis at the plant dispensary would have called for the deceased's being immediately taken to a hospital, completely immobilized, and given oxygen. The inference from this testimony was, that had those things been done, death might not have ensued. There was also evidence that the period of rest that Johnson took at the dispensary alleviated the symptoms which he was experiencing when he first arrived at the dispensary. His blood pressure lowered somewhat after the rest. Medical testimony was to the effect that the work Johnson did after leaving the dispensary on that day could have brought about or aggravated the deceased's heart trouble, leading to his death in the afternoon. The question for decision of the lower court was whether the death of Johnson arose out of, and in the course of, his employment. There is no question that his death arose in the course of his employment. On the question of whether it arose out of his employment, the findings of the trial judge

are pertinent. After reviewing the proofs, the Court said [174 F.Supp 311]:

" * * * the most reasonable inference to be drawn from this proof is that Mr. Johnson's heart trouble started on the morning of July 29, 1958, some time before he left his home for work, it improved to some extent while on his way to work, but after he reached his work and had worked for a time the trouble either began anew or continued to get worse and became so bad that he was required to go to the dispensary. After staying in the dispensary for approximately two hours, and while at rest, his condition improved to the extent that he was able to return to his work. Some time after he returned to his work his condition became much worse and he died around 2:17 p. m. * * *

"In the opinion of the Court, and the Court finds as a fact, that the work which Mr. Johnson did on July 29th either caused or aggravated his heart condition which accelerated and resulted in his death and that his dependents are entitled to recover under the Workmen's Compensation Law of Tennessee."

Decisions of the Supreme Court of Tennessee, and of this Court, supportive of the trial judge's conclusion are gathered in the opinion of Judge Taylor in the case of Sweat v. United States Fidelity & Guaranty Co., D.C., 169 F.Supp. 155, affirmed 6 Cir., 272 F.2d 943.

▆▆▆▆ Under the law of Tennessee, a heart attack brought about or aggravated by the exertions of the work of an employee is an accident, within the meaning of the Workmen's Compensation law. Patterson Transfer Co. v. Lewis, 195 Tenn. 474, 260 S.W.2d 182.

Appellant seeks to distinguish this case from the above by asserting that the heart attack of the deceased in this case began prior to his going to work, and that his death would have ensued at the time it did whether he was at work or at rest in a hospital. The trial court,

however, found against such contention, finding as a fact that the work the deceased did on the day of his death, following his period of rest at the dispensary, contributed to the fatal onset of the heart attack. There was substantial evidence to support the trial judge's findings in this regard, and they are not clearly erroneous.

We affirm the judgment of the lower court.