**FOREST PRODUCTS, a Division of the Ludlow Corporation, Appellant,**

v.

**James PARVIN, Appellee.**

Supreme Court of Tennessee.

June 16, 1975.

Rehearing Denied Aug. 11, 1975.

Clinton R. Anderson, Anderson & Anderson, Morristown, for appellant.

Gary E. Brewer, Charles R. Terry & Associates, Morristown, for appellee.

COOPER, Justice.

Forest Products, a division of the Ludlow Corporation, has appealed from a judgment entered in the Circuit Court of Hamblen County awarding James Parvin benefits under the Workmen's Compensation Act. The appellant insists the trial judge erred in finding that the cerebral-vascular accident suffered by the appellee arose out of his employment and contests the sufficiency of proof as to causal connection between appellee's injury and his employment.

> "The Legislature in enacting the compensation act expressly entrusted the trial court with the power to find the facts and when such facts are supported by any material evidence, even if this Court thinks the evidence points otherwise, the trial court must be affirmed." *General Shale Prod. Corp. v. Casey,* 202 Tenn. 219, 303 S.W.2d 736 (1957)

In this case the evidence shows that James Parvin was employed by appellant in 1966 and has since worked as a woodworking machine operator in the "rough" mill. Parvin has suffered from high blood pressure for years to such an extent that the company nurse periodically checked his blood pressure and sent him home or to the doctor when she found the pressure to be abnormal. The record also shows that Mr. Parvin was hospitalized in 1972 for treatment of hypertension.

On August 25, 1973, Mr. Parvin was assigned to "tail" a saw. The saw operator would cut a one inch strip from a piece of lumber, 60" X 30". Mr. Parvin then would push the board back to the saw operator and would stack the cut pieces. Mr. Parvin had worked about an hour when it became apparent to the saw operator that Parvin was having trouble with his right arm. A short time thereafter, Parvin slumped unconscious to the floor. He was rushed to the hospital where it was found that he had had a cerebral vascular accident, or stroke, with resulting paralysis to the right side of his body. Since Parvin lived, it was impossible for the attending physician to state with certainty whether the stroke was due to a thrombosis, or to an embolism, or to the

rupture of an artery carrying blood to the brain.

Dr. John T. Purvis, a neuro-surgeon called as an expert witness by the appellee, testified that whether the stroke was caused by a rupture of the artery or a blockage of the artery, it would be fair and safe to say that appellee's activity at work the morning of the stroke "could be a contributing factor." He also testified that the tailing of the saw "could be a contributing factor (to the cerebrovascular accident), of that, there is no question." He went on to say that "when you get really down to the very cause of this man's problem, of course, his arteriosclerosis was his problem you know. That is what caused the vessel to plug off. Now how much brain damage you get is the result of how much blood supply there is coming from other vessels, and of course, that is where we would sort of assume that increased effort during the time period might have something to do with producing the cerebral infarct."

In discussing the causal relationship between employment and heart attacks, this court emphasized in *Coleman v. Coker*, 204 Tenn. 310, 321 S.W.2d 540 (1959), that:

> " '[We are] committed to the proposition of law that an employee who dies in the course of his employment as a result of a heart attack, although suffering from a previous heart disease, is covered under the Workmen's Compensation Act even if the result was produced *by ordinary exertion and usual strain of the work*.' (Emphasis supplied).
>
> " * * * if the physical activity and exertion of an employee's work aggravates a pre-existing heart condition, precipitates the fatal heart attack, and thus hastens his death, such death is the result of accident arising out of and in the course of the employment within the meaning of our Workmen's Compensation Law." Citing cases.

In *Nashville Pure Milk Co. v. Rychen*, 204 Tenn. 575, 322 S.W.2d 432 (1958), this court said

"Counsel for appellant seems to have pitched his case on the idea that there must have been some unusual occurrence or activity or exertion beyond the scope of the deceased's ordinary employment activities in order for the death to be compensable. We think this is a misapprehension of our cases. The question is succinctly stated in *Patterson Transfer Co. v. Lewis*, 195 Tenn. 474, 478, 260 S.W.2d 182, 184, as follows:

" 'If an ordinary exertion or usual strain produces an unusual result, is the resulting injury by accident?'

"The answer immediately follows:

" 'It is now well established that *ordinary and usual exertion at work resulting in injuries, is compensable.*' "

See also *Morristown Chest Company v. Morgan*, 212 Tenn. 441, 370 S.W.2d 513 (1963), wherein this court held that an employee who suffered a rupture of a hemangioma located on the left cerebral hemisphere, while operating a ripsaw at work, sustained an accidental injury arising out of and in the course of his employment. In the course of the opinion the court quoted from *Patterson Transfer Co. v. Lewis*, 195 Tenn. 474, 260 S.W.2d 182, as follows:

> " 'It is now well established that ordinary and usual exertion at work resulting in injuries, is compensable. Awards have been upheld on the basis of accidental injury where the strain in tightening a nut in the ordinary manner, caused an aneurism to break . . .' "

In *R. E. Butts Co. v. Powell*, 225 Tenn. 119, 463 S.W.2d 707 (1971), this court pointed out:

"The issue upon which cases of this nature are determined is factual; that is, whether the employee experienced the disabling injury which may have accelerated an existing disease while at work on the job. If so, this Court has held in numerous cases that the injury is accidental and compensable under our Work-

men's Compensation Statutes, even though the employee was not engaged in any spectacularly unusual strain or extraordinary exertion."

The employer takes the employee as he finds him. *Coleman v. Coker,* 204 Tenn. 310, 321 S.W.2d 540. In this case, as stated above Dr. Purvis testified that Parvin was suffering from arteriosclerosis at the time he suffered the stroke while at work and that there was no question but that his work "could have contributed to the cerebrovascular accident" which caused the disabling paralysis. Thus there is material evidence to support the finding of the trial judge of a causal connection between the employment and the stroke. See *Palmer v. Pruitt,* 498 S.W.2d 89 (Tenn.1973); *Morristown Chest Company v. Morgan,* 212 Tenn. 441, 370 S.W.2d 513 (1963).

Judgment affirmed.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.

OPINION ON PETITION TO REHEAR

COOPER, Justice.

The Court has received and has considered a petition for rehearing filed on behalf of Appellant in this case. We have examined the authorities cited therein, and after giving full consideration to the matter we adhere to the conclusions stated in the original opinion filed in this case.

The petition to rehear is overruled.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.