AMERICAN INSURANCE COMPANY
a/k/a Fireman's Fund American
Insurance Company, Appellant,

v.

Eugene ISON, Appellee.

Supreme Court of Tennessee.

June 1, 1976.

Robert R. Campbell, Hodges, Doughty & Carson, Knoxville, for appellant.

James W. Justice, Mann & Justice, Knoxville, for appellee.

## OPINION

HENRY, Justice.

This case involves a workmen's compensation proceeding in which the only question for our determination is whether there is any material evidence to support the finding of the trial court that the appellee was disabled as the result of an occupational disease for which compensation is afforded by T.C.A. § 50–1101. This case has been involved in an extended litigation, and has already been the subject of one consideration of its merits by this Court.[1] The facts, as relevant to the present appeal, are summarized herein.

### I.

On February 2, 1973 Eugene Ison, a pneumatic jackhammer drill operator for the Johnson Drilling Co., Inc., sustained a rib injury and a partially collapsed lung as the result of an accident arising out of and in the course of his employment. During the treatment of these injuries it was discovered that the appellee also suffered from a "chronic obstructive lung disease", whereupon he was referred to Dr. William K. Swann, a specialist in the treatment of lung diseases. On September 7, 1973 suit was filed in the Circuit Court of Knox County, Tennessee, in which the appellee sought to recover workmen's compensation benefits for injuries sustained by him in the February 2, 1973 accident, as well as benefits for

---

1. See *American Ins. Co. v. Ison*, 519 S.W.2d 778 (Tenn.1975).

an occupational lung disease allegedly arising out of and during the course of his employment.

After considering an evidentiary deposition taken from Dr. Swann to the effect that Mr. Ison's chronic obstructive lung disease was either *caused or aggravated by* his occupational exposure to rock dust, the trial court awarded compensation for permanent and partial disability to the extent of fifty per cent (50%) to the body as a whole by reason of an occupational disease which arose out of and in the course of the appellee's employment.[2]

The case was subsequently appealed to this Court. We reversed the judgment of the trial court and remanded the case for a new trial, indicating certain deficiencies in the appellee's proof. Specifically, we relied upon the holding of this Court in *Knoxville Poultry & Egg Co. v. Robinson,* 224 Tenn. 124, 451 S.W.2d 675 (1970), wherein it was stated that:

> this record is simply devoid of competent evidence as to (1) whether or not the malady complained of . . . had its *origin and cause in a hazard incident to . . . employment*; and (2) whether that malady is to be medically considered as . . . closely related, in a causal sense, to one of the specified compensable occupational diseases. (Emphasis supplied). 224 Tenn. at 128, 451 S.W.2d at 677.

Having thus been instructed as to the necessary additional evidentiary proceedings, the parties, by stipulation, agreed on remand to submit the case to the trial court, based solely upon the evidence and relevant pleadings introduced at the first hearing, and a further supplemental deposition given by Dr. Swann.[3] As a result of the new trial it was found that the supplementary deposition of Dr. Swann supplied the evidentiary deficiencies which had been exposed by this Court, and, therefore, that the appellee was entitled to the permanent partial disability of fifty per cent (50%) as determined in the earlier proceeding. Specifically, the trial court concluded that Mr. Ison's disability was:

> closely related to silicosis and that this condition had its origin in the dusty work environment which was a risk connected with and inherent in his employment.

## II.

■ Appellant conceded in its brief and before the Bar of this Court that based upon the supplementary evidence introduced at the new trial it could reasonably be concluded that the pathological effects and symptoms of Mr. Ison's diagnosed condition were sufficiently related to a compensable occupational disease. We are in full accord with this conclusion.

■ It is well-settled in this State that the reviewing court will not disturb a workmen's compensation award where there is any material evidence to support the trial court's findings. See *Cassell Bros., Inc. v. Cole,* 519 S.W.2d 796 (Tenn.1975), and cases cited therein. The supplemental deposition given by Dr. Swann provides sufficient evidence to support the trial court's finding that Mr. Ison's chronic obstructive lung disease was so closely related to silicosis that it should be deemed compensable as an occupational disease under T.C.A. § 50–1101.

## III.

The only issue, therefore, to be determined by this appeal is whether the supplementary deposition by Dr. Swann supplied any material evidence that Mr. Ison's lung disease had its origin and cause in a hazard incident to his employment.

In order to resolve this issue it is necessary for us to examine the portions of Dr.

2. The trial court also awarded compensation benefits for the appellee's broken rib and collapsed lung sustained during the work-related accident. The appellant, insurance carrier for the employer, admitted the appellee's accidental injury and does not challenge the portion of the compensation award directly attributable thereto.

3. The parties, in addition, agreed by stipulation that "some silica particles were present in the air in which the plaintiff worked as a result of his drilling rock as a jackhammer operator."

Swann's supplementary deposition relevant thereto. The following responses were elicited from Dr. Swann upon direct examination.

Q. Now, Doctor, do you have an opinion based on reasonable medical certainty as to which is the *more probable*, that Mr. Ison's diagnosed lung condition is or is not related to his employment where he used a jackhammer drilling hard rock over a period of eight years?

A. In my opinion, it is most probable that Mr. Ison's lung condition is *related to* his employment as described.

Q. Doctor, do you have any opinion based on reasonable medical certainty as to which is the more probable, that Mr. Ison's diagnosed lung condition *pre-existed* his employment where he used a jackhammer drilling hard rock, or came about *after* he began his employment as a jackhammer operator?

A. The medical history which this man gave me would lead me to believe that his lung condition came about *after* he began his employment as a jackhammer operator. I have *no history of any pulmonary problems arising prior to this employment.* (Emphasis supplied).

On the subsequent cross-examination, Dr. Swann responded to questioning, in pertinent part, as follows:

Q. And you testified previously, which you have said here today, that you can say with reasonable medical certainty that the breathing of rock dust or any dust, for that matter, would *aggravate* chronic obstructive lung disease?

A. Yes.

Q. By the same token, I believe you have testified that you cannot say with reasonable medical certainty that the chronic obstructive lung disease which Mr. Ison had was *caused by* the work that he gave a history of?

A. I can *not* say that *positively*, no. (Emphasis supplied).

Appellant argues that the cumulative effect of Dr. Swann's testimony, taken in its entirety, is that Mr. Ison's diagnosed lung disease was merely related to his employment, either causally or by aggravation, and, as such, the requirements set forth by this Court in *American Ins. Co. v. Ison*, 519 S.W.2d 778 (Tenn.1975), have not been satisfied by the supplementary testimony.

As a general proposition it is true that a workmen's compensation award is not to be predicated solely upon the mere speculative testimony of medical experts who are unwilling to testify further than to say that it "is possible" or that it "could be" that a causal connection exists between the accident and the compensable injury. *Lynch v. La Rue*, 198 Tenn. 101, 104, 278 S.W.2d 85, 86 (1955). However, expert medical testimony as to such causation does not require proof to an absolute certainty. *Great American Ind. Co. v. Friddell*, 198 Tenn. 360, 280 S.W.2d 908 (1955); *Lyons v. Holston Defense Corp.*, 142 F.Supp. 848 (E.D.Tenn.1956). See also 3 *Larson's Workmen's Compensation Law*, § 79.51 (1976). Quite often, by its very nature, medical expert testimony is somewhat speculative. *Patterson Transfer Co. v. Lewis*, 195 Tenn. 474, 260 S.W.2d 182 (1953).

Speculative expert medical testimony may, nonetheless, still have probative value where there is "other evidence from which the trial judge may reasonably infer that the injury did result from the accident that the experts say 'could be' the cause of the injury." *Lynch, supra,* 198 Tenn. at 104, 278 S.W.2d at 86. In *Patterson Transfer Co., supra,* this Court addressed a similar argument that the medical expert testimony was merely speculative and not conclusive as to causation, and concluded that:

[w]e are not called on to draw a line between expert 'speculation' and expert 'opinion' since the acceptance of the testimony and the credibility of witnesses are foreclosed by the decision of the trial judge. 195 Tenn. at 476, 260 S.W.2d at 183.

As we view the evidence, Dr. Swann's supplementary deposition is sufficient to justify the trial court's determination that the appellee's lung disease was caused by his dusty work environment. The doctor testified that it was "most probable" that Mr. Ison's lung disease was "related" to his employment as a jackhammer operator. He further testified that based upon Mr. Ison's previous medical history, it was his medical opinion that the lung disease "came about *after*" the appellee began his employment as a jackhammer operator.

While this supplementary testimony is perhaps susceptible of opposing inferences, it is certainly supportive of the trial court's conclusion that it was "sufficient to supply the deficiencies in proof for which the case was remanded."

Under such circumstances this Court will not disturb the trial court's compensation award. *Hartwell Motor Co., Inc., v. Hickerson,* 160 Tenn. 513, 26 S.W.2d 153 (1930).

The decree of the trial court is hereby affirmed.

COOPER, C. J., and HARBISON, FONES and BROCK, JJ., concurring.