**Thomas M. BRYAN, Plaintiff-Appellant,**

v.

**PARAMOUNT PACKAGING CORPORATION and Liberty Mutual Insurance Company, Defendants-Appellees.**

Supreme Court of Tennessee,
at Nashville.

Oct. 1, 1984.

James F. Conley, Tullahoma, for plaintiff-appellant.

John B. Carlson, Nashville, for defendants-appellees.

OPINION

BROCK, Justice.

In this worker's compensation case the trial court denied benefits on the ground that the plaintiff's injury was due to his willful misconduct; recovery was barred under the provisions of T.C.A., § 50–6–110, which provides:

"(a) No compensation shall be allowed for an injury or a death due to the em-

ployee's willful misconduct or intentional self-inflicted injury, or due to intoxication, or willful failure or refusal to use a safety appliance or perform a duty required by law.

"(b) If the employer defends on the ground that the injury arose in any or all of the above stated ways, the burden of proof shall be on the employer to establish such defense."

The plaintiff employee is 34 years of age and has performed manual labor throughout his working life. Since 1971 he has been employed by the defendant Paramount Packaging Corporation in the operation of a 100 ft. long laminator which is a large machine that laminates, strip coats and extrudes polyethylene, cellophane and similar materials to make bread bags and potato chip bags. Plaintiff's duties included setting up the machine, making adjustments and overseeing its operation to insure that it produced good products.

On the day of the accident, the plaintiff was working with the strip coating section of the machine which had a "s-wrap" section containing three chill drums around which the product traveled. The chill drums are made of chrome; water is forced into them to cool the product. The chill drums are 9½ in. in diameter, 3 to 4 in. apart, and are gear driven, turning in opposite directions. After approximately one hour of operation, the plaintiff noticed a problem in the strip coating section of the laminator. That section places a strip of glue on the bags as they pass through the machine and the strip of glue was not being properly placed on the bags. Plaintiff discovered that lacquer was building up on a chill drum which caused the strip to be misplaced, so he attempted to clean the lacquer from the chill drum with a single edged razor blade which he held against the drum while it turned at a speed of approximately 300 ft. per minute. While thus engaged, plaintiff's right arm was caught by the gear driven chill drums and was pulled into the machine resulting in severe injuries which the court found to

amount to a 50% permanent partial disability of the right upper extremity.

Although a sign was posted advising machine operators not to clean the rollers while the machine was in operation and the plaintiff was aware of this instruction, the proof showed that this so-called safety rule was frequently ignored by the laminator operators and that the defendant's supervisors were aware that the operators habitually ignored the rule. Thus, appellant testified that machine operators frequently cleaned the rollers with razor blades while the machine was in operation and that during the nine years of his employment the machine was usually in motion when it was cleaned and that on occasion his foreman or supervisor had said to him: "If the cylinder is dirty, take a brush and brush it while it is running." Plaintiff also testified that his supervisor and foreman had observed machines being cleaned while they were in operation and that other machine operators had cleaned their machines while they were in operation in the same fashion that the plaintiff did on the date of his injury.

Plaintiff's supervisor denied that he had observed operators cleaning the drums while the machine was in operation, but he admitted that he had heard frequent reports of such activity. He also acknowledged that he had received an injury while attempting to clean a machine in the way that plaintiff was doing when his injury occurred. He acknowledged that employees engaged in cleaning while the machine was in operation in order to prevent "down time" as long as three hours.

We have said that willful misconduct within the meaning of the statute means something more than mere negligence and carries the idea of deliberation and intentional wrongdoing, *Glass v. Sullivan,* 170 Tenn. 230, 94 S.W.2d 381 (1936); that not only does "willful misconduct" connote intentional, purposeful violations of orders, but also an element of perverseness. *American Mut. Liability Ins. Co. v. Garth,* 174 Tenn. 297, 125 S.W.2d 140 (1939); *Coleman v. Coker,* 204 Tenn. 310, 321 S.W.2d 540 (1959). Also, we have said

that the statutory "willful misconduct" defense, whatever its actual general definition, has, in practical application, been largely limited to the deliberate and intentional violation of known regulations designed to preserve the employee from serious bodily harm. *Wright v. Gunther Nash Min. Const. Company,* Tenn., 614 S.W.2d 796 (1981). Thus, where an employee, engaged in cleaning ashes out of the combustion chamber of a large boiler, entered such chamber to facilitate his work despite orders by his superior not to do so and was fatally burned and where the facts justified the conclusion that he acted impulsively rather than deliberately in committing an error of judgment in what he regarded as the interest of his employer while having in mind the result desired to be accomplished and believing that he was proceeding safely, this Court held that the acts of such employee did not constitute "willful misconduct" sufficient to bar recovery under the statute. *American Mut. Liability Ins. Co. v. Garth,* 174 Tenn. 297, 125 S.W.2d 140 (1939). We have also held that when an employee is performing the duties assigned to him by his employment contract and is acting in furtherance of his employer's interests, regardless of the fact that he performs those duties in an unnecessarily dangerous or rash manner, it cannot be said that his resulting injuries did not arise out of his employment, provided that his conduct could be reasonably contemplated. *Wright v. Gunther Nash Min. Const. Company, supra.*

Perhaps of particular application to the instant case is the principle that disobedience of a "rule" is not willful misconduct where the "rule" is habitually disregarded with the knowledge and acquiescence of the employer. *Rayner v. Sligh Furniture Co.,* 180 Mich. 168, 146 N.W. 665 (1914); 81 Am.Jur.2d *Workmen's Compensation* § 238 (1976); annot.: 23 A.L.R. 1170. In such a case it is held that the employer has waived the so-called "rule" or should be held to be estopped to invoke it against the misled employee.

Applying the foregoing principles to the case at bar, we conclude that the Chancellor erred in denying the employee a recovery on the ground of "willful misconduct." We hold that the employer failed to establish that defense; by winking at the practice over the years of employees, including the plaintiff, cleaning laminator drums while the machine was in operation, the employer has become estopped to contend that the practice is "willful misconduct."

The Chancellor's decree dismissing this claim is reversed and this cause is remanded for entry of a decree consistent with this opinion. Costs are taxed against the defendant.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.