Ronnie T. **VANDERGRIFF,**
Plaintiff-Appellee,

v.

**BITUMINOUS CASUALTY CORPORATION, Defendant-Appellant.**

Supreme Court of Tennessee,
at Knoxville.

June 10, 1985.

William A. Lockett, Chattanooga, for defendant-appellant.

John D. McMahan, James T. Perry, Chattanooga, for plaintiff-appellee.

## OPINION

BROCK, Justice.

In this worker's compensation case, the trial court awarded the plaintiff-employee benefits for a 25% permanent partial disability to the body as a whole. The issue on appeal is whether there is material evidence to support the finding that the plaintiff's disability is permanent.

On October 25, 1982, the plaintiff was an apprentice iron-worker employed by B & B Steel, the defendant's insured. While working on a B & B Steel job, he fell approximately 47 feet and received multiple injuries, including broken ribs, three fractured spinal processes, multiple contusions involving his extremities and left side, and a sprained lower back. According to the medical testimony, it was remarkable that the fall was not fatal.

The plaintiff was initially treated for his injuries by two physicians who released him in January and February, 1983, respectively. He was next treated by Dr. Rich-ard Donaldson, an orthopedic surgeon, from May 10, 1983, until the time of the trial on July 24, 1984.

The plaintiff testified at trial that he had not fully recovered from his fall. He stated that he continued to have severe headaches and pain in his left lower back which increased with movement. He returned to light duty work in February, 1983, but was often absent because of the pain he experienced while working. He was ultimately laid off from that job, and since then he has only worked for relatives on a few very short jobs involving light work. At the time of trial, he was unemployed.

Dr. Donaldson testified concerning the course of his treatment of the plaintiff. He treated the headaches and lower back pain with various medications which brought some relief. In November, 1983, Dr. Donaldson's prognosis was that the plaintiff would experience no permanent problems from his injuries. However, by March 21, 1984, Dr. Donaldson had concluded that the plaintiff had a 10% impairment to the body as a whole as a result of the injuries he received in the accident. He explained that the change in prognosis was due to the length of time which had elapsed since the accident and the fact that his condition had not improved since he first saw him. According to Dr. Donaldson, with injuries of the type sustained by the plaintiff, as a rule of thumb, maximum recovery is reached within one year. He testified, however, that "[w]hether he will make any further improvement with the passage of time is, of course, an unknown factor."

Based upon the testimony of Dr. Donaldson and that of the plaintiff, the trial court, as previously indicated, found that the plaintiff had a 25% permanent partial disability to the body as a whole and awarded benefits accordingly. The defendant challenges the finding that the plaintiff's disability is permanent on two bases, discussed below.

■ The defendant's first contention is that Dr. Donaldson's testimony is contra-

dictory to such a degree that it lacks any probative value and cannot constitute material evidence to support the finding of permanent disability. That contention is based upon the fact that Dr. Donaldson changed his prognosis from November, 1983, to March, 1984, even though he admittedly observed no change in the plaintiff's condition during that period. It is clear from a reading of the testimony of the doctor that he had expected plaintiff's condition to steadily improve with time, and that his November, 1983, prognosis was based upon that expectation. When the plaintiff's condition did not improve, Dr. Donaldson was forced to reconsider the prognosis in light of the failure of his condition to improve. We do not find Dr. Donaldson's testimony concerning the change in prognosis to be inconsistent.

The defendant's second contention is that Dr. Donaldson's testimony is not sufficiently certain on the question of the permanency of the disability to support the trial court's finding.

■ We have previously stated that in a worker's compensation case,

"[A] plaintiff must establish the permanency of his disability by a preponderance of the evidence which must be accomplished through expert medical testimony. *A fortiori*, any expert medical witness presented must give testimony that preponderates in favor of permanency to qualify as having probative value on that issue. In short, the medical witness, in expressing his opinion, must use language that means that the medical factors that indicate permanency of disability outweigh those to the contrary."

*Owens Illinois, Inc. v. Lane*, Tenn., 576 S.W.2d 348, 350 (1978).

Absolute certainty, however, is not required. *American Insurance Co. v. Ison*, Tenn., 538 S.W.2d 382, 385 (1976). In determining whether testimony of a medical expert is sufficiently certain to be of some probative value, the expert's testimony must be considered in its entirety. *International Yarn Corp. v. Casson*, Tenn., 541 S.W.2d 150, 151 (1976).

■ As noted above, Dr. Donaldson testified that with injuries of the type sustained by the plaintiff, as a rule of thumb maximum recovery is achieved within twelve months. Based upon the plaintiff's failure to improve, he gave him a 10% medical disability rating. He also, however, stated that whether or not plaintiff would improve with time is "the unknown factor." We are of the opinion that Dr. Donaldson's testimony on the issue of the permanency of the plaintiff's disability does preponderate in favor of permanency and thus we agree with the trial court's determination. It appears from the record that Dr. Donaldson possesses the same hesitancy to make definite, unequivocal statements which is characteristic of many medical experts; however, after reading his testimony in its entirety we are left with the clear impression that Dr. Donaldson is of the opinion that plaintiff's disability is permanent. In our view the essence of his opinion is contained in the following excerpt from the transcript:

"Q. Doctor, do you have an opinion according to a reasonable degree of medical certainty as to whether Mr. Vandergriff has suffered any permanent medical impairment as a result of the injuries that he described to you?

"A. Well, at one point as you recall a few minutes ago in one of these brief notes I said that I wasn't anticipating any permanent disability. But as time went by and then finally on, it was the March 21st visit where I said that at the top of the page, 'In my opinion the above patient has ten percent impairment based on the body as a whole.' And of course I've seen him one, two, three times, four times since then, but he maintains that he's still the same. This is a matter of subjective complaints that I'm dealing with. But there has been a long interval of time that has elapsed since the date of the alleged accident on 10–25–82. I gave him this on that basis."

■ The plaintiff contends that defendant's appeal is frivolous and has requested

the award of damages under T.C.A., § 27–1–122.  Although defendant has not prevailed, we do not find its appeal to be frivolous.  Accordingly, the request is denied.

The judgment of the trial court is affirmed.  Costs of this appeal are taxed against the defendant.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.