# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 15, 2012 Session

## TROY MITCHELL v. FAYETTEVILLE PUBLIC UTILITIES

### Direct Appeal from the Circuit Court for Lincoln County
### No. C1000141       Franklin L. Russell, Judge

---

### No. M2011-00410-SC-R3-WC - Filed May 8, 2012

---

JANICE M. HOLDER, J., dissenting.

Today the majority adopts Larson's four-element test for applying the defenses of willful misconduct or willful failure to use a safety device. This test allows an employer to assert the defenses of willful misconduct or willful failure to use a safety device when four elements are satisfied: the employee has actual notice of the employer's rule, the employee understands that the rule is in place for safety reasons, the employer consistently enforces the rule, and the employee has no valid excuse for violating the rule. I disagree with the majority that the application of Larson's test compels the conclusion that Mr. Mitchell's removal of his gloves was a willful failure to comply with his employer's safety rule. The majority concludes that "[t]he lack of a valid excuse for the failure to use a safety appliance or device, when the first three elements [of Larson's test] have been satisfied, amounts to willfulness." Our case law compels a different conclusion.

For an employee's conduct to be deemed willful, this Court has held that the conduct must be more than reckless, negligent, or the result of an error in judgment. See Coleman v. Coker, 321 S.W.2d 540, 543 (Tenn. 1959) ("[I]nadvertence or mistake of judgment or negligence, or even gross negligence, fall far short of being willful misconduct . . . ."); Glass v. Sullivan, 94 S.W.2d 381, 381 (Tenn. 1936) ("[W]illful misconduct means something more than negligence and carries the idea of deliberation and intentional wrongdoing." (citing Nashville Co. & St. L. Ry. v. Wright, 250 S.W 903 (Tenn. 1923))); see also Nance v. State Indus., Inc., 33 S.W.3d 222, 227 (Tenn. Workers' Comp. Panel 2000) (instructing courts to distinguish between cases in which behavior was "accidental, negligent, inadvertent, thoughtless . . . , or even reckless" and "those cases in which the conduct was willful." (citing Wheeler v. Glens Falls Ins. Co., 513 S.W.2d 179, 183 (Tenn. 1974))). Prior to the majority's adoption of Larson's test, the willful misconduct defense required that an employee's misconduct contain "an element of perverseness" to deny the employee workers'

compensation benefits.  <u>Nance</u>, 33 S.W.3d at 227.  Although "perverseness" may not be the most modern or the most easily understood term, it did assist courts in determining what kind of misconduct could be classified as willful.  Perverseness indicates that in spite of the employee's knowledge that a safety rule exists, the employee is "'hellbent for election' anyhow."  <u>Coleman</u>, 321 S.W.2d at 542.  Conduct that is merely negligent, reckless, or the result of a lapse in judgment does not meet the standard of willfulness required by our previous decisions.

This Court defers to the trial court on issues of credibility and the weight to be given to testimony.  <u>Whirlpool Corp. v. Nakhoneinh</u>, 69 S.W.3d 164, 167 (Tenn. 2002).  Mr. Mitchell testified that he believed he was in a "safe zone" and was not in danger of electrocution when he removed his rubber gloves.  The trial court found "it is plausible that [Mr. Mitchell] believed the pole he was working on was not hot."  Although Mr. Mitchell's conduct in this case may rise to the level of negligence or recklessness, the removal of his gloves when he assumed he was in a safe zone should not be deemed willful misconduct.  For this reason, the trial court determined that Mr. Mitchell's conduct "was not willful within the meaning [of the] applicable case law."  I would conclude that the evidence does not preponderate against the trial court's conclusion.  Tenn. Code Ann. § 50-6-225(e)(2) (2008).

The majority concludes that trial courts must determine whether an employee had a valid excuse to recover benefits in willful misconduct cases.  The majority further concludes that Mr. Mitchell's excuse in this case is not a valid one that would entitle him to benefits.  Today the majority adopts a test that will encourage the use of the willful misconduct defense in instances in which the employee's behavior is no more than negligent, reckless, or the result of bad judgment.

For these reasons, I respectfully dissent.

_____
JANICE M. HOLDER, JUSTICE