## STAR PUBLISHING COMPANY v. JOHNSON.

[No. 12,031. Filed February 20, 1925. Rehearing denied June 24, 1925.]

1. MASTER AND SERVANT.—*In application for compensation for injury resulting in death from appendicitis, Industrial Board must find cause of disease, and its finding is conclusive on appeal.*—In a proceeding under the Workmen's Compensation Act for compensation for injuries resulting in death from appendicitis, it was for the Industrial Board to find what caused the appendicitis, and its finding is conclusive on appeal from the award. p. 312.

2.  MASTER AND SERVANT.—*Finding of fact by Industrial Board is conclusive on appeal when sustained by any evidence or reasonable inference therefrom.*—A finding of fact by the Industrial Board is conclusive on the Appellate Court when sustained either by direct evidence or by evidence which is subject to a reasonable inference that the fact found by the board exists. p. 312.

3.  MASTER AND SERVANT.—*Finding of Industrial Board that appendicitis causing death of employee receiving spinal injury had its source in the injury sustained.*—In proceeding under the Workmen's Compensation Act by dependents of a deceased employee who, in the course of his employment, received an injury to his spine, followed by continuous illness until death from appendicitis, evidence *held* to sustain finding of Industrial Board that the appendicitis had its source in the injury to the spine.  p. 312.

From Industrial Board of Indiana.

Application under the Workmen's Compensation Act for compensation by Emma Johnson against the Star Publishing Company. From an award for claimant, the defendant appeals. *Affirmed.* By the court in banc.

*George Edwards* and *Montgomery & Montgomery,* for appellant.

*Oscar B. Abel* and *Oren O. Swails,* for appellee.

ENLOE, J.—On August 17, 1922, Walter Johnson, the husband of appellee, an employee of appellant, received a personal injury by accident arising out of and in the course of his employment. On October 23, 1922, the employer and employee entered into a compensation agreement which was duly filed with and approved by the Industrial Board, by the terms of which agreement the employer was to pay to the employee, commencing on August 28, 1922, the sum of $13.20 per week during the period of his total disability, and also the reasonable and necessary surgical and hospital expenses of said employee during the first thirty days after said injury.

The record also discloses that, almost immediately after said injury, said employee became confined to his

bed and so remained until May 15, 1923, when he died, and that, during practically all of said time, he was under the care of physicians. His ailment was pronounced by his physicians as being spondylitis of the lumbar vertebrae. On May 12, 1923, he became very sick and was vomiting fecal matter; his abdomen was very much distended and he had high fever; on May 13, he was removed to a hospital for an "exploratory operation" which was at once performed. This operation disclosed that the patient had a "ruptured gangrenous appendix" and that his abdominal cavity was filled with a "sero-purulent fluid accompanied by virulent infection and general peritonitis." Two days after the operation, he died, and his widow filed her application with the Industrial Board asking an award of compensation on account of the death of her said husband; compensation was awarded to the widow, from which award this appeal is prosecuted.

It is tacitly conceded in this case that the "virulent infection and general peritonitis," which immediately caused the death of said Johnson, were caused by the appendicitis, the rupture of the gangrenous appendix, but, the appellant insists that no causal connection has been shown between the spondylitis, from which the deceased was suffering, and the appendicitis, which we may say caused his death, and that, therefore, the award of the Industrial Board is not sustained by sufficient evidence and is contrary to law.

There is evidence in this record that the deceased, after he became confined to his bed, became constipated to the extent that his bowels would not move without his being given a laxative or a purgative; that he was sixty-three years of age at the time of his injury; that on November 25, 1922, he was placed in a plaster cast "to fix" the spine; that he became emaciated so that the cast did not fit, and in February, 1925, another cast,

extending from his arm pits down over his hips, was placed on him; that the physician who was called to see him, two days before he died, found a "complete obstruction of the bowels." One physician testified that in his opinion "the only connection between the spondylitis and the appendicitis would be in the inflammatory condition going through his system and locating in the appendix." Another physician testified that, in his opinion, constipation was one of the greatest contributing factors in causing appendicitis; that he could see some connection between the infected vertebrae and the appendicitis; that appendicitis was often a secondary disease; that medical authorities pretty generally agree that appendicitis is due to infection from other sources; that constipation was one of the causes of appendicitis.

In this case, it was for the Industrial Board to find the fact as to what caused the appendicitis with which the deceased became afflicted, and they, by their award, have found that it had its source in the injury which the deceased sustained on August 17, 1922. While we might have reached a different conclusion, had we been permitted to weigh the evidence, yet, such finding by the board is conclusive upon us when sustained either by any direct evidence, or by evidence which is subject to the reasonable inference that the fact, so found by the board, exists. We, therefore, conclude that the finding of the Industrial Board in this case is sustained by sufficient evidence, and the said award is, therefore, affirmed.

McMahan, Nichols, and Thompson, JJ., concur.

Dausman, C. J., and Remy, P. J., dissent.