No. ——
First Circuit

COOK v. UNEEDUS LBR. CO.

(February 15, 1928. Opinion and Decree)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Master and Servant —Par. 159, 160 (j).**
Where plaintiff, an injured employee suing under Workmen's Compensation Act No. 20 of 1914, fails to prove any connection between an ailment in his hands and fingers and the injury which he received to his head, he cannot recover compensation for disability of his hands and fingers.

Appeal from the Parish of Tangipahoa. Hon. Columbus Reid, Judge.

Action by Charles Cook against Uneedus Lumber Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Mat. J. Allen, of Amite, attorney for plaintiff, appellant.

Purser & Magruder, of Amite, and J. C. Henriques, of New Orleans, attorneys for defendant, appellee.

LECHE, J. Plaintiff while working for the defendant company in the Parish of Tangipahoa, defendant being a partnership composed of W. L. Houlton, C. W. DeWitte and B. L. Johnson, was struck on the forehead by the rocker arm of a hand-car on which he was riding. The blow felled him to the floor of the car and he says he was rendered unconscious for a few minutes. He was attended to by defendant's physician and paid wages during his confinement from this injury. Subsequently he complained of stiffness of the joints of his arms and the joints of his fingers, · and was then sent to New Orleans for further examination and treatment. By that time, however, the local injury to his head on his forehead and back of his skull had completely disappeared.

The question in the case is whether the injury to the head, received by plaintiff on the hand-car, is the cause of the ailment from which plaintiff subsequently suffered.

In New Orleans plaintiff was examined by Dr. H. Theodore Seymour, who is a specialist and an expert orthopedist, and who found that plaintiff was suffering from polearthritis. When asked his opinion as to the cause of this physical condition of plaintiff, he said that it came from an infection, the focus of which was in the teeth and gums of the patient, which he found in a terrible condition. He was of the opinion that the injury received by plaintiff on the hand-car had nothing to do with plaintiff's ailment.

Dr. M. Compagnio also examined plaintiff, found him suffering pain in both hands and unable to close his hands. He found no injury to the frontal bone of his head or to the base of his skull, and could trace no connection between plaintiff's rheumatic trouble and the injury received by him on the hand-car. In his opinion plaintiff's ailment was due to some focal infection. .

Dr. Glenn J. Smith, a local physician, also testified in the case. He says that he remembers examining plaintiff (about the month of August, the blow in the hand-car having been inflicted in February or six months previously) and that he found a slight enlargement of the finger joints and hand joints of plaintiff, a condition in which he appeared unable to use his hands properly, otherwise the case was negative. He says that he could not tell the cause of this paralysis of the hands but thought, at the time, it might have had some connection with the injury received on the hand-car.

There is nothing in the testimony of Dr. Smith to discredit the opinions of Dr. Seymour and Dr. Compagnio, and thus the connection of the plaintiff's ailment in his hands and fingers with the injury to his head, received on the hand-car, remains unproved and improbable. The only argument in favor of plaintiff's contention is that of "post hoc ergo propter hoc" which as a rule is weak and unreliable.

The trial judge did not believe that plaintiff had made out a case for compensation, and we agree with him.