## IDA THOMSETH v. SHAPIRO BROS. LAUNDERERS & DRY CLEANERS, INC. AND ANOTHER.[1]

April 24, 1931.

No. 28,355.

*Sexton, Mordaunt, Kennedy & Carroll,* for relators.
*Kelly & Mangan,* for respondent.

LORING, J.

By decision of the industrial commission the widow and son of Arnold Thomseth were awarded compensation for his death while working for the employer-relator. The deceased was a truck driver and solicitor. On September 28, 1929, while cranking an automobile truck for his employer, it is claimed that he was struck by the handle of the crank in the right lower quadrant of the abdomen, from which blow appendicitis resulted from which he died on October 13, 1929.

The relators question the sufficiency of the evidence to support findings that the deceased was struck by the handle of the automobile crank, and further question the sufficiency of the evidence to show that if the blow was struck it was the cause of the appendicitis and the consequent death of Thomseth.

[1]Reported in 236 N. W. 311.

We find no difficulty on either of these questions. The man who was assisting Thomseth in cranking the automobile saw that he was stooped down in position for cranking, that the crank flew around in the opposite direction from which he was attempting to turn it, as it would in case of a backfire. Thomseth straightened up and made an exclamation and stated that he was hurt. Immediately thereafter he went inside the relator's dry cleaning establishment for a drink and stated to one of the proprietors that he was hurt by a backfire while cranking. He made subsequent statements to the same effect which would probably not be admissible in court although properly admitted before the industrial commission. His doctor found that there was a bruise on a part of his abdomen which would naturally be struck by the crank handle. This bruise was about an inch wide and two inches long. These facts we think were sufficient to sustain the finding of the commission that the crank struck him in the part of the abdomen indicated. There was sufficient medical testimony to support the respondent's theory that the blow caused acute appendicitis to develop; and, while this was disputed by other evidence, we think that the finding of the commission should stand.

The writ of certiorari is discharged, and the respondent is allowed $75 attorneys' fees in this court in addition to the regular taxable costs.