## REYNOLDS et al. v. CITY OF SHREVE-PORT.
### No. 4796.

Court of Appeal of Louisiana. Second Circuit.

June 29, 1934.

William C. Boone, of Shreveport, for appellants.

Aubrey M. Pyburn, of Shreveport, for appellee.

TALIAFERRO, Judge.

The widow and minor children of John M. Reynolds, deceased, bring this suit against the city of Shreveport to recover compensation alleged to be due them on account of his death from causes arising from, and traceable to, an injury received by him on March 28, 1932, while performing the duties of his employment with the city. The city denies liability to any extent, and denies that there was any causal connection between the disease of which Reynolds died and the injury he experienced while in its employ.

The demands of plaintiffs were rejected by the lower court, and they appeal.

Reynolds was a helper on one of defendant's garbage trucks. On March 28, 1932, he lost his balance while in the truck and fell to the pavement, some three feet, landing on his back. The effect of the fall disabled him from performing his duties. His regular wages were paid him to the date of his death on September 25th, after undergoing an operation for appendicitis. The fall caused injury to the left side of the sacroiliac region, and to the back as far up as the neck. Continuously to the date of the operation he complained of pain in the injured areas. After the fall from the truck he was immediately removed to his home and was attended by a physician. He was confined to bed for two weeks, and then made regular visits to the office of defendant's doctors for some ten days, and was then directed by these physicians to again go to bed, which he did for about two more weeks; thereafter, he fre-

quently returned to these physicians for treatment, consisting mainly of heat applications to the back. This continued to the last of August. No appreciable improvement in his condition was observed by the doctors. On August 31st he developed fever. A blood picture disclosed positive estivo-autumnal. He was then given quinine regularly as an antidote for the malaria, and appeared to be getting along satisfactorily when, on September 10th, he suddenly began to suffer pain in the abdominal region. Dr. Rigby hastened to see him. He diagnosed the cause of his pain and suffering as appendicitis. Reynolds was promptly removed to the Charity Hospital in Shreveport, but was not operated on until three days later. His appendix was found to have ruptured. It was removed. Peritonitis set up causing death.

Before plaintiffs can recover, they must prove to that degree of certainty required by law that there was causal connection between the appendicitis which superinduced the peritonitis which killed deceased and the injury he suffered on March 28th, some six months previous. This has not been done. Not one of the several eminent physicians who testified in the case would say that there was any connection whatever between the two happenings. All were somewhat positive there was no relation whatever between the two. It is shown that appendicitis is not the result of, nor caused by, trauma. Its incipiency may be far removed, in point of time, from the condition it develops which renders an operation necessary or advisable. The most that can be said of the influence the effect of deceased's injuries had upon the other ailments subsequently developing is that thereby his powers of resistance to disease were materially reduced; but it in nowise appears, even remotely, that the latent cause of the appendicitis, if there were such when the accident occurred, was activated or aroused to a state of activity thereby, and, as trauma is not an agency that produces such a disease, we, like the physicians, are quite certain there was no connection whatever, causal or otherwise, between the injuries to deceased as a result of the accident on March 28th and the disease that caused his death.

While the Workmen's Compensation Law, the rules of procedure and of evidence pertaining thereto, are construed liberally in favor of the injured workman and his dependents, for the obvious purpose of accomplishing and effectuating the humanitarian

objects and beneficent aims of that body of laws, yet there must be established more than a mere possibility that the cause of death of the employee had some substantial connection with the original injury to him, before recovery may be had.

"Courts cannot decide cases on possibilities, even though it be compensation case in which court always construes law and facts liberally." Tullis v. United Carbon Co. (La. App.) 142 So. 307; Stockman v. Tremont Lumber Co., 155 So. 30, decided by this court on June 4, 1934.

Cases involving the principle here discussed are Cook v. Uneedus Lumber Co., 7 La. App. 405; Johnson v. Forest Lumber Co., 6 La. App. 530.

In the first case it was held that the evidence did not disclose any causal connection between an ailment of the fingers and an injury to the claimant's head, while in the second case it was held that cancer of the liver could not be superinduced by injury to the arm, and that the injury did not hasten death through the cancer.

The judgment appealed from is affirmed.