Great American Indemnity Company and Shirley L.
Friddell *v.* Foster P. Friddell.

(*Knoxville,* September Term (May Session) 1954.)

Opinion filed June 10, 1955.

Folts, Brammer, Bishop & Thomas, of Chattanooga, for plaintiffs in error.

Wood & Harber, of Chattanooga, for defendant in error.

Mr. Special Justice Robert S. Clement delivered the opinion of the Court.

This is a Workmen's Compensation case in which the petitioning employee is seeking to recover benefits under

the Act for a ruptured appendix and the disabilities resulting therefrom. The Trial Judge found that the employee's injuries arose out of his employment and allowed a recovery.

The employer and his insurance carrier have seasonably appealed and assigned error on several grounds. The controlling issue, however, is whether or not there is any material evidence to sustain the finding of the Trial Judge that the ruptured appendix and the disabilities resulting therefrom arose out of the employment of the petitioning employee within the meaning of Section 6852(d) of the Supplement to the Code of Tennessee (1950).

The employee, Foster P. Friddell, is a carpenter who was employed by his father Shirley L. Friddell. On February 19, 1954, the employee, while in the course of his employment, fell from a scaffold some six to eight feet to the ground. In so doing he injured his hand and his ankle. There is no question but that these injuries were compensable under the Act. He testified that he fell upon his stomach or side. He was immediately taken to a Dr. Hair who treated his hand and his ankle. The Doctor testified that Friddell did not complain to him at that time of any pain in his stomach or abdomen. Friddell, however, testified that shortly after the accident he became sick at his stomach, but that he associated this sickness with the pain he suffered from his ankle.

Friddell continued to be sick at his stomach, so much so that though he attempted to return to work he was unable to do so. About three or four days after the accident he told Dr. Hair of his sickness, and the Doctor told him "to take something for it," and to come back to see him. The sickness continued, growing progressively worse. Some six days after the accident Friddell went to a Dr.

Landham, who after examining Friddell called in a surgeon, a Dr. Patterson. Friddell was placed in the hospital, where he stayed some 11 or 12 days. Friddell's abdomen was very rigid, distended and tender, his blood count was high and he had a small mass in the right lower quadrant of his abdomen. Both Doctors Landham and Patterson thought he probably had suffered a hemorrhage in the muscles of his abdomen. He was given antibiotics and his condition improved somewhat, but the mass remained, as did the soreness. It was then decided to operate on Friddell; and on May 4, 1954, an operation was performed. It was then found the Friddell had a ruptured appendix, which by natural processes had been "walled off, anteriorly, next to the wall of the abdomen." At the time of the trial he still had some tenderness in that region of his abdomen, and Dr. Landham testified that Friddell had approximately a 10% disability at the time of the trial.

Cases such as this involving the causal connection between an accidental injury and a disease or physical disability not commonly associated with a traumatic origin are troublesome and difficult; but that difficulty is made somewhat simpler for this Court by virtue of the well settled rules governing the scope and nature of its functions in reviewing Workmen's Compensation cases.

The Workmen's Compensation Act must be liberally construed, Tennessee Code Section 6901, and any reasonable doubt as to whether an injury arose out of the employment within the meaning of the Act must be resolved in favor of the employee. *Tapp* v. *Tapp,* 192 Tenn. 1, 236 S. W. (2d) 977.

This Court, in reviewing such cases, does not reweigh the evidence, but searches the record only so far as is necessary to determine whether or not there is

material evidence to support the finding of the Trial Judge; and the weight of the evidence and the credibility of the witnesses are finally determined in the Trial Court. *Benjamin F. Shaw Co.* v. *Musgrave,* 189 Tenn. 1, 222 S. W. (2d) 22.

Dr. Landham was asked:

"RD1 Doctor, one question. In your opinion what happened in this case? You've treated this man from a few days after this accident until now. What is, in your opinion, did this trauma cause an aggravation of a pre-existing condition which caused this man's appendix to rupture?"

He answered:

"I think that's what happened in the case. I— I— really do, giving the man the benefit of the doubt. In other words, I cannot say absolutely that this is black and this is white, but—

"RD2 Doctor—

"A.—I do believe that this man received a blow which evidently must have aggravated a pre-existing condition, because from the time that he fell off of that scaffold up until the time he came into my office, he complained more and more of the same type of pain, getting worse all along."

The employee, Friddell, testified that he did hit his abdomen in falling from the scaffold, and that shortly thereafter he became sick at his stomach. He is substantiated in this by his brother, another employee, who saw the accident.

Dr. Patterson testified that a fecalith, "kind of a little hard marble," was found when the operation was performed and that it was conceivable that a fall could have done something to this fecalith and caused it to block the

base of the appendix and thus could have caused the resulting rupture.

■ There was testimony that it was exceedingly improbable that a ruptured appendix would have a traumatic origin; but the Trial Judge chose to credit the testimony that Friddell did sustain an injury to his abdomen when he fell, that he shortly thereafter became sick at his stomach, and that there was a causal connection between the fall and the ruptured appendix. There is material evidence to support his finding.

■■ The plaintiffs in error charge that there was no direct and positive testimony, that the fall actually caused the ruptured appendix; but absolute certainty is not required to support an award in this State. *Powers* v. *Beasley,* 197 Tenn. 549, 276 S. W. (2d) 720; *Sanders* v. *Blue Ridge Glass Corporation,* 161 Tenn. 535, 33 S. W. (2d) 84. Expert opinion on the mysterious functioning of the human body must always be more or less uncertain and speculative. *Patterson Transfer Co.* v. *Lewis,* 195 Tenn. 474, 260 S. W. (2d) 182.

■ The fact that it may be unusual for a ruptured appendix to have a traumatic origin, or even that such a result is exceedingly improbable, does not require a holding that the trauma did not in a particular case have such a result. If, as here, there is material evidence of a causal connection between the injury or accident and the resulting disease or disability, no more is required. *Benjamin F. Shaw Co.* v. *Musgrave,* supra.

Plaintiffs in error have cited several cases from other jurisdictions wherein it has been held that there was no causal connection between a ruptured appendix or appendicitis and the employment of the petitioning employee. *Seattle-Tacoma Shipbuilding Co.* v. *Department of Labor,* 26 Wash. (2d) 233, 173 P. (2d) 786; *Milton* v.

*City of Gordon,* 129 Neb. 888, 263 N. W. 208; *Viant* v. *Town of Lowell,* 117 Ind. App. 354, 72 N. E. (2d) 239; *Reynolds* v. *City of Shreveport,* La. App., 155 So. 469. In other cases such a causal connection was found. *Shadbolt* v. *Department of Labor,* 121 Wash. 409, 209 P. 683; *In Matter of Grant,* 54 Wyo. 382, 92 P. (2d) 563; *Fritz* v. *Rudy Furnace Co.,* 218 Mich. 324, 188 N. W. 528; *Star Publishing Co.* v. *Johnson,* 83 Ind. App. 309, 146 N. E. 765. In cases such as this, where the ultimate decision is so completely dependent upon the facts of the particular case, no general rule covering all cases of appendicitis in employees covered by the Act is desirable or even possible. Indeed arguments by way of analogy in such cases can add nothing to the law. *Tapp* v. *Tapp,* 192 Tenn. 1, 236 S. W. (2d) 977.

The plaintiffs-in-error have also assigned error upon the ground that ''the Court found that the injury resulted in an aggravation of a previously existing condition which was not alleged in petitioner's pleadings, and defendants had no notice that proof of same would be introduced.'' The petition, however, alleged that the petitioner ''suffered an internal rupture in the lower quadrant of his abdomen.'' Such an allegation is sufficient fairly to raise the issue of the aggravation of a pre-existing condition, in view of the elementary rules of pleading in Workmen's Compensation cases. *Rhyne* v. *Lunsford,* 195 Tenn. 664, 263 S. W. (2d) 511; *Cunningham* v. *Hembree,* 195 Tenn. 107, 257 S. W. (2d) 12.

All assignments of error are overruled. The judgment of the Trial Court is affirmed, with costs adjudged against the appellants Shirley L. Friddell and the Great American Indemnity Company.