CITY OF GALLATIN

*v.*

LON ANDERSON.

354 S. W. 2d 84.

(*Nashville,* December Term, 1961.)

Opinion filed February 8, 1962.

HAROLD HOWSER, Gallatin, VESTER NEAL AGEE, Lebanon, for plaintiff in error.

HARSH, KELLY & HARSH, Gallatin, for defendant in error.

MR. JUSTICE DYER delivered the opinion of the Court.

This is an appeal by the City of Gallatin, plaintiff in error from an award by the trial judge of 25 per cent permanent partial disability of the arm to Lon Anderson, defendant in error in a workmen's compensation proceedings. In this opinion plaintiff in error will be called "city," and defendant in error "petitioner."

The city has assigned several errors which may be summarized as follows; (1) that the accident did not arise out of or in the course of employment, (2) the trial judge erred in not holding the suit barred by the statute of limitations of twelve months, (3) the trial judge erred in finding a permanent injury to the arm,

(4) the trial judge erred in allowing certain testimony on rebuttal, which testimony was not rebuttal but direct testimony.

 The first assignment raises the most serious question on this appeal and requires a review of the evidence. In our review of the evidence here on appeal we are required to take the evidence most favorable to the petitioner. *Johnson v. Anderson,* 188 Tenn. 194, 217 S.W.2d. 939.

Petitioner was employed by the city as a policeman with assigned duty as a radio operator and desk sergeant, and assigned duty hours of 6 P. M. to 6 A. M. each day.

The accident occurred on September 26, 1959 about 2:30 P. M. at Graves Coal Yard within the corporate limits of Gallatin. The hour of course is not within the assigned duty hours of petitioner.

The crux of this matter took place at the coal yard. Petitioner testified he went there on a personal mission to purchase a used mower in order to obtain the parts. After trading he talked to the owner of the yard about getting the mower loaded and hauled home. The owner told him his men were off that day, but there were some negro boys in the office he might get to help. Petitioner testified the owner of the yard asked the boys what they would charge, and upon petitioner learning they would charge a dollar each, he stated that was too much.

Petitioner testified he then went down into the yard where the mower was located, to take off the cutter blade. Later one of the negro boys came over and asked him what he would pay, to which he replied he would take it

himself. To this the negro boy replied, "Well, take the God dam thing yourself then." To this statement petitioner replied, "Boy, that will get you in the City Hall, that sort of thing you know, than language." To this remark the negro replied, "That's what you think."

Whereupon petitioner stated to the negro boy he was under arrest and as he started to search him the negro attempted to run and fell, and as petitioner came upon him the negro struck him with a piece of coal causing the injury to his arm.

Petitioner testified he had been instructed as a policeman he was on duty 24 hours, and he should act for violations occurring in his presence.

The Mayor and Chief of Police of Gallatin testified all policemen had duty hours assigned, but they were to act for an offense committed in their presence whether on their assigned duty hours or not, and that police including petitioner were so instructed when employed.

Petitioner was not in uniform at the time of the accident, but there is evidence in the record the negro boy knew petitioner was a policeman. Certain sections of the Code of Gallatin have been read into the record.

The gist of this action is that petitioner witnessed a violation of a city ordinance in his presence and as he was instructed to do attempted to make an arrest for this violation in the course of which he received this injury.

Under this evidence the trial judge found petitioner sustained this injury while acting in his official capacity as a policeman for the City of Gallatin.

The Workmen's Compensation Act must be liberally construed, and any reasonable doubt as to whether an injury arose out of the employment within the meaning of the Act must be resolved in favor of the employee. *Great American Indemnity Company v. Friddell,* 198 Tenn. 360, 280 S. W.2d 908.

■■ The trial judge having found as a fact petitioner was acting in his capacity as a policeman at the time of this accident, then if there is any material evidence to support such finding, it is not open for review in this Court. *Clendening v. London Assurance Co.,* 206 Tenn. 601, 336 S.W.2d 535, 337 S.W.2d 603.

There is material evidence upon which the trial judge could base his finding on this matter and the first assignment of error is overruled.

By their second assignment of error the city alleges this action was barred by the statute of twelve months. The original petition was filed on November 1, 1960 alleging the injury occurred on September 26, 1959, and the city filed a plea in abatement setting out the statute. Petitioner on February 20, 1961 amended his petitions alleging on December 17, 1959 the insurance carrier paid medical bills of petitioner, and on same day filed a replication setting out the action was brought within twelve months on the facts in the petition as amended.

The city then filed their plea setting out the medical bills were paid by the insurance carrier on statements by the petitioner, which statements were in fact misstatements, fraud and deceit, and did not toll the running of the statute.

On February 27, 1960 the Court heard these pleas and motion to amend the original bill. The Court being of

the opinion that the determination of these pleas would require presentation of practically all of the proof and to avoid duplication ordered the city to answer without waiving their rights under these pleas. This order also allowed the motion to amend the original petition. On April 19, 1961 the city filed their answer.

 The voluntary payment of medical bills will toll the running of the statute under Tennessee Code Annotated, sec. 50-1003. *John Sevier Motor Company v. Mullins,* 205 Tenn. 227, 326 S.W.2d 441.

The charge of misstatements and fraud is based on statements in the report filed by petitioner with the insurance carrier a few days after this accident. The substance of the city's claim is that petitioner in this report concealed the fact he was not on duty at the time of the accident. The trial judge having found petitioner sustained this injury while acting in his official capacity overruled this plea. We agree.

 The city assigns as error the action of the trial judge in finding petitioner had a permanent injury to his arm. An examination of the record reveals there is ample evidence upon which to base such finding.

 The city assigns as error the action of the trial judge in allowing certain testimony of the petitioner when he was called as a rebuttal witness. The question asked him by his counsel was in regard to the limit of his ability to use his arm to which he replied as follows:

"A. It would be limited as to the jobs I could get. I have no use of my left arm, on my work around home I hire about 2/3 of it done and I use it myself."

There is ample evidence to support the finding of the trial judge without this testimony and such action if error was harmless error.

It results that all assignments of error are overruled and the judgment of the trial court affirmed.