(No. 38397.—

FRENZEL CONSTRUCTION Co., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ALBINA RATOSSA *et al.*, Appellees.)

*Opinion filed September 29, 1964.*

VAN DUZER, GERSHON & JORDAN, of Chicago, (JOHN V. VAN DUZER and CHARLES A. BRADY, of counsel,) for appellant.

J. MICHAEL MADDA, of Chicago, (CHARLES WOLFF, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER. delivered the opinion of the court:

The circuit court of Cook County affirmed the Industrial Commission's award of death benefits to the claimant, Albina Ratossa, on account of the death of her husband, Benno Ratossa, which was alleged to have resulted from injuries sustained in the course of his employment. The case is here on direct appeal pursuant to Supreme Court Rule 28—1. (28 Ill.2d XXVIII.) In this court the sole issue is whether Ratossa's death was due to an injury arising out of and in the course of his employment.

Benno Ratossa was employed for several years as a "bottom man." That job required that he go down into a trench where he would guide sewer pipes, supported by a hoist, into a bell and apply cement to the joint. When he reported for work on November 27, 1961, there appeared to be nothing unusual about him. He went into the trench at 7 A.M. and performed his regular duties until 10 A.M., at which time he came up, complaining of pains and holding his hand to his chest. He was told by his foreman to go to the wagon where the men changed clothes. About ten minutes later the foreman found him lying with his face in a "puddle of vomit." He was perspiring heavily, gasping for air and had a bluish color. He was then taken to a hospital where he was pronounced dead. A coroner's physician made an external examination of the body but no autopsy was performed.

In response to a hypothetical question, Dr. M. I. Reiffel testified on behalf of the claimant that in his opinion death was due to a cardiovascular accident and was causally related to the work which the employee was doing on the morning of his death. On behalf of the respondent Dr. Joseph Freilich testified, in answer to a hypothetical question, that he believed the cause of death could not be determined in this case. He said that death might have resulted

from a myocardial infarction but that, if so, it would have been unrelated to the work performed.

The medical evidence in this case was conflicting and so it became the function of the commission "to decide where the preponderance of evidence lies or which medical experts are more worthy of belief." (*Boutwell* v. *Industrial Com.* 408 Ill. 11, 18.) The testimony of Dr. Reiffel, if believed, would sustain a finding that the injury in question arose out of and in the course of employment. The rule stated in *Clifford-Jacobs Forging Co.* v. *Industrial Com.,* 19 Ill.2d 236, 245, is therefore controlling: "This court will not weigh conflicting evidence and substitute its judgment for that of the commission. Our function is to determine whether the finding of the commission is clearly against the manifest weight of the evidence. This court will not discard permissible inferences drawn by the commission merely because it might have drawn other inferences from the facts." To the same effect see *Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32; *Laclede Steel Co.* v. *Industrial Com.,* 6 Ill.2d 296; *Bethlehem Steel Co.* v. *Industrial Com.* 6 Ill.2d 290.

*Judgment affirmed.*