(No. 39322.—

AMERICAN RIVET COMPANY, Appellant, *vs.* THE IN-
DUSTRIAL COMMISSION *et al.*—(ANTHONY ZLONKIE-
WICZ, Appellee.)

*Opinion filed January 25, 1966.*

LEO J. PELEJ, of Cicero, for appellant.

LEWIS P. GAINES and ALOYSIUS A. MAZEWSKI, both of
Chicago, for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the
court:

Anthony Zlonkiewicz was injured in the course of his
employment as a machine operator for American Rivet
Company. An arbitrator's award for permanent total dis-
ability was confirmed by the Industrial Commission and the

decision of the Commission was, in turn, affirmed by the circuit court of Cook County. The employer appeals contending that the finding of permanent disability is against the manifest weight of the evidence.

Claimant, a Polish immigrant who had but one year of formal schooling, came to this country in 1951 and was first employed by American Rivet Company in 1952, as a machine operator. A belt on his machine broke on June 29, 1961, and claimant was thrown backwards, incurring a three-inch laceration in his scalp. He was immediately taken to a hospital, where the wound was sutured, but returned to work and completed his shift. Two days later, however, he developed severe headaches and was off work for some ten weeks, during which time he was treated by company doctors and his own physicians. Although he returned to work about the middle of September, 1961, claimant was thereafter frequently absent due to severe headaches and dizziness which allegedly progressed to a point that required him to cease his employment altogether on October 13, 1962.

Two medical witnesses, who had treated and examined claimant at various times ranging from July 24, 1961, to April 28, 1964, diagnosed his original injury as a cerebral concussion, and testified on his behalf that a post-concussional state manifested by headaches, dizziness, blurred vision and occasional blackouts, still persisted. Both agreed that there was a causal relation between claimant's condition and the head injury, and each was of the opinion that the condition was permanent and totally incapacitated him for employment. Dr. Sherman Shapiro, a specialist in otoneurology, (described as the branch of medicine having to do with those organs which connect with the brain and effect equilibrium,) testified for the employer that he had given claimant numerous objective tests in July, 1961, and that he found no neurological evidence of injury. Based

upon his tests, the witness was of the opinion that claimant was able to work so far as the head injury was concerned.

Much of the testimony of claimant's medical witnesses was based upon claimant's subjective complaints of headaches, dizziness, blurred vision and blackouts. And in asserting that the finding of permanent disability is against the manifest weight of the evidence, the employer takes the position that claimant's proof is completely speculative because of its subjective nature and should not therefore be permitted to preponderate over the testimony of Dr. Shapiro that objective tests produced no neurological evidence of injury. We find there was evidence of objective symptoms to support the conclusions of claimant's doctors. The treating physician, Dr. Adam Niec, testified that he found a large laceration in the occipital portion of the head, muscle weakness in the right arm, as well as numbness in the fingers, and that a Romberg test for loss of equilibrium was positive, all of which suggested brain damage that had affected the neuro-motor system. Added to this we may consider that Dr. Joseph Cascino, a neuro-surgeon who examined claimant on several occasions, testified that the demeanor and appearance of the patient gave verity to his complaints of headaches and dizziness.

The determination of disputed questions of fact, including causal connection and the extent of disability, is primarily the function of the Industrial Commission, as is the determination of the weight to be afforded the conflicting views of medical witnesses. And on judicial review, its findings in such respects will not be disturbed unless they are against the manifest weight of the evidence. (*Farace* v. *Industrial Com.* No. 39412, *Electro-Motive Div., G.M. Corp.* v. *Industrial Com.* 32 Ill.2d 35; *Frenzel Construction Co.* v. *Industrial Com.* 31 Ill.2d 310; *Inland Steel Co.* v. *Industrial Com.* 18 Ill.2d 70.) The choice the Commission has made between the conflicting medical views is

not against the manifest weight of the evidence and we find no basis for substituting our conclusions for those of the Commission.

During the course of proceedings relating to the claim based upon the head injury, it was brought out that claimant had suffered a prior industrial injury in December, 1955, at which time a drill bit had fallen from a machine and pierced his instep. The wound became ulcerated and would not heal, and ultimately affected circulation in the leg, causing pain, swelling, and loss of normal use. The latter conditions continued to exist, and claimant was still receiving medical treatment for them, up to the time he ceased working on October 13, 1962. As could be expected, the doctors who treated and examined claimant for his head injury also took note of the leg condition and one of them, Dr. Cascino, testified that his opinion of total disability and inability to work was in part based upon the co-existence of the leg injury with the residual effects of the head injury. Specifically, the doctor indicated his belief that if it were not for the leg condition, claimant could, despite his headaches and dizziness, perform "a desk job," or some other job where he would not be exposed to harm. Based upon such circumstances and testimony the employer argues that the total disability is due to the leg and not the injury to the head, and that it is not reasonably certain that claimant will be wholly and permanently incapable of work because of the possibility that the leg condition may disappear.

It is well settled that the Workmen's Compensation Act is not limited in its application to healthy employees. (*Marsh* v. *Industrial Com.* 386 Ill. 11.) Despite the leg injury which occurred in 1955, and its continued effects, the employer continued to employ claimant as a machine operator. By so doing it accepted him in the physical condition then existing, and the fact that his pre-existing leg infirmity may have predisposed him to further injury is no bar to the present award. (*Railway Express Agency* v. *In-*

*dustrial Com.* 415 Ill. 294; *Powers Storage Co.* v. *Industrial Com.*, 340 Ill. 498.) Moreover, when claimant's physical condition is coupled with his limited work experience, his illiteracy in the English language and his lack of formal education, all of which tend to limit him to work as a laborer, the evidence is such as to sustain the finding of permanent and total disability.

The judgment of the circuit court of Cook County is affirmed.