Mrs. Bessie B. **WHITEHEAD**, Plaintiff-Appellee,

v.

**ALUMINUM COMPANY OF AMERICA**, Defendant-Appellant.

No. 16573.

United States Court of Appeals
Sixth Circuit.

June 11, 1966.

J. C. Gamble, Maryville, Tenn., Arthur B. Goddard, Maryville, Tenn., on brief; Goddard & Gamble, Maryville, Tenn., of counsel, for appellant.

J. H. Hodges, Knoxville, Tenn., D. H. Rosier, Jr., Maryville, Tenn., on brief; Hodges, Doughty & Carson, Knoxville, Tenn., of counsel, for appellee.

Before WEICK, Chief Judge, and O'SULLIVAN and CELEBREZZE, Circuit Judges.

WEICK, Chief Judge.

The action in the District Court was brought by the widow of a deceased employee of the Aluminum Company of America to recover compensation benefits under the Workmen's Compensation Law of Tennessee, for his death, alleged to have arisen out of and in the course of his employment. Jurisdiction was based upon diversity of citizenship.

The District Judge heard the case without a jury and made an award of compensation, from which the employer has appealed. 50 T.C.A. 1018.

The sole question presented to us is the sufficiency of the evidence to support the award.

The decedent, Ed Whitehead, was sixty-one years of age, and weighed two hundred twenty pounds. He had been employed for many years by the Aluminum Company. He worked in the shear room as a helper, on a Hallden shear. This machine cut off sheet strips of a determined length, from a roll of aluminum. Whitehead and another helper would then drag the aluminum strips off the conveyor belt and pile them on an adjacent table. The strips were 28 inches wide, .040 inch thick, and about 10 feet long. They weighed thirteen and one-half pounds. The metal was run through the machine at a rate of 215 feet per minute.

Whitehead commenced to work at 6:30 A.M. on the day of the accident. He worked steadily until about 9:45 A.M., except for two five-minute periods. Whitehead said to his helper, Johnson, "I am blind as a bat; can't see." Whitehead then pressed an emergency stop button, which stopped the machine. He told the operator, "I am sick." He fell to the floor, hitting the back of his head on the wooden block floor, fracturing his skull. He died two days later.

For several weeks prior to the accident Whitehead had headaches, chills and night sweats. He was tired in the evening when he returned home from work.

An autopsy disclosed that he had a cerebral thrombosis at the right basal ganglia and a fracture of the skull, extradural hemorrhage at the right cerebral area and bronchopneumonia, lower lobes. He also had a sclerotic condition of the arteries, particularly the one leading to his brain, which had narrowed. This condition had existed for some time. The doctors who testified agreed that the cerebral thrombosis caused him to black out and fall, fracturing his skull and causing an extradural hematoma.

There was evidence that his work, which required him to stand on his feet, turn, and with the assistance of his helper lift the sheets of metal from the conveyor belt to the table, continuously for a period of eight hours except for short recesses, was tiring.

There was conflicting medical testimony to the effect that work which is fatiguing would aggravate the sclerotic condition of the arteries; that it could cause a constriction of the arteries and

trigger a thrombosis; that anyone in such a condition "ought to take it easy" and not do heavy work. It was for the trier of the facts to resolve the conflict in the medical testimony.

 It is the contention of appellant that Whitehead died a natural death and that there was no causal connection between his employment and his death. A causal connection is required under Tennessee law, but the Tennessee courts have construed the Workmen's Compensation Act liberally. Sandlin v. Gentry, 201 Tenn. 509, 300 S.W.2d 897 (1957).

In reviewing an award of Workmen's Compensation benefits, the function of an Appellate Court is to determine only whether there is material evidence to support the findings of the trial court. The Appellate Court may not reweigh the evidence. Ward v. Commercial Ins. Co., 213 Tenn. 100, 372 S.W.2d 292 (1963); White v. Whiteway Pharmacy Inc., 210 Tenn. 449, 360 S.W.2d 12 (1962); Anderson v. Volz Const. Co., 183 Tenn. 169, 191 S.W.2d 436 (1945).

An employer takes an employee as he is and assumes the risk of having a weakened condition aggravated by some injury which might not affect a normal, healthy person. Ward v. Commercial Ins. Co., supra; Swift & Co. v. Howard, 186 Tenn. 584, 212 S.W.2d 388 (1948).

The evidence must be viewed in the light most favorable to the prevailing party. City of Gallatin v. Anderson, 209 Tenn. 392, 354 S.W.2d 84 (1961).

It is also the law of Tennessee that—

"* * * [A]n employee who dies in the course of his employment as a result of a heart attack, although suffering from a previous heart disease, is covered under the Workmen's Compensation Act even if the result was produced by ordinary exertion and usual strain of the work." Coleman v. Coker, 204 Tenn. 310, 321 S.W.2d 540 (1958).

This is a close case. Our review of the record, however, convinces us that there is material evidence to support the findings of the District Judge and they are binding upon us.

Cas Walker's Cash Stores, Inc. v. Livesay, Tenn., 385 S.W.2d 745 (1965), relied upon by appellant, is inapposite and was distinguished in a later decision by the Supreme Court of Tennessee in Gluck Brothers, Inc. v. Breeden, Tenn., 387 S.W.2d 825 (1965).

Affirmed.