(No. 40867.—)

PRECISION CONNECTING ROD SERVICE, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(James Camper, Appellee.)

*Opinion filed May 29, 1968.—Rehearing denied Sept. 24, 1968.*

ANGERSTEIN & ANGERSTEIN, of Chicago, (OSCAR P. CHIAPPORI, GEORGE W. ANGERSTEIN, and SIDNEY Z. KARASIK, of counsel,) for appellant.

GEORGE M. MURGES, of Chicago, for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

The employer, Precision Connecting Rod Service, appeals from a judgment of the circuit court of Cook County which upheld a decision of the Industrial Commission awarding compensation under the Workmen's Compensation Act to the claimant, James Camper.

Our decisions require that we affirm the holding of the Industrial Commission unless the holding is contrary to the

manifest weight of the evidence. (*City of Collinsville* v. *Industrial Com.*, 36 Ill.2d 425, 428.) The question appearing here is whether the holding that appendicitis, which necessitated surgery, was related causally to an injury the claimant sustained in his employment was contrary to such manifest weight of evidence.

On July 16, 1963, at about 2:00 P.M., the claimant, who was employed by the appellant as a drill-press operator, was directed to assist four other men in removing a box weighing about 500 pounds from a truck. As the men were lowering the box on planks from the truck platform, which was about four feet off the ground, the box slipped and the claimant caught and sought to hold the slipping box. As he did, he felt what he described as a sharp pain in his stomach. He continued, however, to assist in moving the box. Shortly thereafter, though, the claimant complained of stomach pains to one "Kenny" who had directed him to aid in moving the box. Also, the claimant testified that although he continued to work after the incident for the remainder of the workday (about one hour), during this period the pain increased and he vomited. The claimant declared too that he had never experienced any similar distress prior to the incident described.

When he arrived home from work at about 5:00 P.M., the claimant immediately consulted a physician. The physician, Dr. Roy Roya, testified that the claimant told him that a heavy case had fallen on the right side of his abdomen and that he felt severe pain there. The doctor then placed the claimant in the hospital and after further examination and observation, Dr. Roya diagnosed the claimant's ailment as appendicitis. Some six days after the accident described, Dr. Roya performed an appendectomy on the claimant.

The appellant employer asserts that the decision of the Industrial Commission granting compensation to the claimant is manifestly against the weight of the evidence and

should be reversed. The specific ground for reversal alleged by the appellant is that the Commission's finding, based on medical testimony, that there existed a causal connection between the claimant's accident on the job and his appendicitis attack is completely contrary to generally accepted medical knowledge and so is untenable. No cases have been cited by the appellant in support of this proposition.

Dr. Roy Roya, who, as stated, treated and performed the claimant's surgery, testified for him. The physician stated that in his opinion there could be and was a causal connection between the trauma involved in the claimant's described injury at work and his condition of appendicitis which required surgery.

On review before the Industrial Commission, Dr. Warren Clohisy testified on behalf of the employer. Dr. Clohisy stated that in his opinion there could be no causal relationship between the claimant's accident at work and his development of appendicitis. According to Dr. Clohisy, the appendix is not affected by external pressure, except a severe, crushing blow which would penetrate the abdominal wall and perforate the appendix. Such did not occur here.

The testimony of the two medical witnesses was thus in direct conflict on the issue of causation. It is primarily the function of the Industrial Commission to resolve disputed questions of fact, including the matter of causal connection (*American Rivet Co.* v. *Industrial Com.*, 34 Ill.2d 69, 71), and to draw the inferences and determine which of two conflicting medical views merits greater weight. (34 Ill.2d at 71; *Pillsbury Mills, Inc.* v. *Industrial Com.*, 14 Ill.2d 23, 27.) This court on review will not substitute its judgment on these factual questions for that of the Commission. (*Frenzel Construction Co.* v. *Industrial Com.*, 31 Ill.2d 310, 312; *Swift and Co.* v. *Industrial Com.*, 37 Ill.2d 145, 147.) As stated, our role on review is limited to a determination of whether the findings of the Commission are against the manifest weight of the evidence. (*Chicago*

*Park District* v. *Industrial Com.,* 36 Ill.2d 212, 216.) Accordingly, "When the medical testimony is in dispute and the findings of the Industrial Commission cannot be said to be contrary to the manifest weight of the evidence, the decision of the commission will not be disturbed. *Crouch-Walker Co.* v. *Industrial Com.,* [34 Ill.2d 338, 342.]" *Douglass and Co.* v. *Industrial Com.,* 35 Ill.2d 100, 105.

Here, the evidence established that an injury to the claimant at work caused by a 500-pound box was closely followed by appendicitis. The medical testimony as to causal connection was in dispute. As we observed, the Commission had the right to accept, as it did, the view of the claimant's medical witness that a causal relationship existed between these two closely occurring events, rather than accept the opposing view of the employer's medical witness. *Beck* v. *Industrial Com.,* 32 Ill.2d 148, 152.

Too, the validity of the employer's argument that the testimony of the claimant's medical expert, which provided support for the finding that there was a causal connection here between the two events, is contrary to generally accepted medical knowledge and therefore unworthy of belief appears to be questionable. While there have been a few holdings denying on their facts a causal connection between external stress or injury (*e.g., Syde's case,* 127 Me. 214, 142 Atl. 777), a number of jurisdictions have held on appropriate evidence that appendicitis may be causally related to a severe blow or strain. (*E.g., Great American Indemnity Co.* v. *Friddell,* 198 Tenn. 360, 280 S.W.2d 908; *In re Grant,* 54 Wyo. 382, 92 P.2d 563; *Watkins* v. *Brunswick Restaurant,* 123 Neb. 212, 242 N.W. 439; *Fritz* v. *Rudy Furnace Co.,* 218 Mich. 324, 188 N.W. 528; *Clark* v. *Department of Labor and Industries,* 131 Wash. 256, 230 Pac. 133; *Thomseth* v. *Shapiro Bros. Launderers and Cleaners, Inc.,* 183 Minn. 270, 236 N.W. 311; see also, Larson, Workmen's Compensation Law, sections 12.20, 38.20 and

38.30; Traumatic Medicine and Surgery for the Attorney (1962), vol. 7, section 1437.) We prefer the latter view. The concern of a court of review in Industrial Commission cases such as these is not to determine medical questions, on which, it appears, men of learning in that field disagree, but rather to pass on the legal question presented, *viz.*, are the findings of the Industrial Commission contrary to the manifest weight of the evidence presented before it.

Here, we deem that the holding of the Commission was not against the manifest weight of the evidence. Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*