(No. 42388.—

HELEN HOUSKA *et al.*, Appellants, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Appellee.)

*Opinion filed September 29, 1970.*

NORMAN PETERS, of Chicago, (CHARLES WOLF, of counsel,) for appellants.

JAMES W. COFFEY, of Chicago, (JOHN T. MEHIGAN, JOHN J. DILLON, MICHAEL J. MURRAY, and JAMES E. RILEY, of counsel,) for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

Helen Houska, a widow, filed a claim before the Industrial Commission to recover benefits under the Workmen's Compensation Act for herself and Edward Houska, a minor, because of the death of Raymond Houska. The arbitrator denied the claim because the evidence did not show "any causal connection between the aforesaid accident

of May 6, 1966, and the subsequent death of said decedent on June 29, 1966." The Commission affirmed the decision of the arbitrator and the circuit court of Cook County affirmed the decision of the Commission. The widow appeals to this court pursuant to Rule 302(a)(4). 43 Ill.2d R. 302.

About 11 o'clock A.M. on May 6, 1966, Raymond Houska, a janitor for the Board of Education of the City of Chicago, was throwing trash into an incinerator at the Washburn Trade School. There were some paint cans in the trash which exploded. The explosion caused first and second degree burns on Houska's right forearm, wrist, left elbow, and right thigh. The preliminary medical report shows that Houska was treated on the day of the accident—the treatment consisting of cleansing the wound, debridement of the loose skin and application of ointment dressing to the affected area—and sent home. He made 10 more visits to Dr. Krolikowski's office where he received ordinary treatment for burns. The last visit was June 1, 1966, when he was discharged to return to work. Rather than returning to work, he took his vacation. On the morning of June 29, 1966, he was drinking a cup of coffee at home when he became ill, ran to the bathroom and died of a heart attack. No autopsy was performed.

Mrs. Houska and Mrs. Sylvia Novotny, a friend of the Houskas, testified that the decedent suffered anxiety, worry, nervous tension and emotional stress as a result of the explosion and burns. Dr. Donald Atlas, a cardiologist, testified for the claimant. He said that his opinion is that "the basic cause of coronary thrombosis is natural, and not related in any way to this man's accident or to his work. However, the accelerating and precipitating causes, other factors, proximal factors, I think, do exist here to establish a causal connection, and I believe there was an acceleration or an aggravation of a basic underlying disease by the prolonged period of emotional stress, anxiety and pain, that this man suffered as a result of these severe burns, so that this episode

of myocardial infarction or coronary thrombosis occurred sooner than might otherwise have occurred, because of this accelerating factor." The employer is extremely critical of Dr. Atlas's opinion because no evidence was introduced to show that Houska had any underlying heart disease.

Admitted in evidence was a letter from Dr. John R. Krolikowski to the Board of Education. This letter states: "The above named patient was first seen and treated in my office, May 6, 1966, by Dr. John Horkavy. Examination at this time revealed first and second degree burns on the right forearm extending to wrist, left elbow and right thigh. Approximately two per cent of the body surface was affected. The patient's condition was good and there was no evidence of shock. He made no mention of a heart condition. The burns healed normally and no complications arose. His condition was good when released on June 1, 1966, and he was discharged for work. However, he stated he was to go on vacation for one month. In my opinion, because of the time duration, there was no connection between his burns sustained on May 6th and his death on June 29th, from the immediate cause of coronary thrombosis."

Dr. John A. Boswick, Jr., director of the burn unit of Cook County Hospital, testified for the employer. It was his opinion, "based on the small extent of these burn wounds, as described, the superficial depth, and the rapid healing, that there was probably no relationship between the burns and the patient's death." Claimant is critical of Dr. Boswick's opinion because he is not a cardiologist and because he did not comment on the implications of decedent's anxiety and mental stress.

Claimant argues that emotional stress can be a contributing cause of a heart attack and that the uncontradicted evidence shows Houska suffered emotional stress as a result of the explosion and burns which contributed to his heart attack. Implicit in her argument is that the Commission and circuit court ruled as a matter of law that mental stress

could not be a contributory cause of a heart attack. It is apparent from the record, however, that the Commission's finding that there was "no causal connection" between the injury suffered on May 6, 1966, and the heart attack suffered on June 29, 1966, reflected its view of the facts, and not of the law. *Cf. Harper* v. *Industrial Com.*, 24 Ill.2d 103; *Republic Steel Corp.* v. *Industrial Com.*, 26 Ill.2d 32.

The finding of the Commission is not against the manifest weight of the evidence (*Precision Connecting Rod Service* v. *Industrial Com.*, 40 Ill.2d 277) and the judgment of the circuit court of Cook County is accordingly affirmed.