**Dottie Dean WEBSTER,
Plaintiff-Appellee,**

v.

**TELEDYNE LEWISBURG AND ARGONAUT INSURANCE COMPANY,
Defendants-Appellants.**

Supreme Court of Tennessee,
at Nashville.

Aug. 20, 1984.

B.J. Wade, Gerber, Gerber & Agee, Memphis, for plaintiff-appellee.

Thomas M. Donnell, Jr., Stephen K. Heard, Stewart, Estes & Donnell, Nashville, for defendants-appellants.

OPINION

McLEMORE, Special Justice.

The determinative issue in this worker's compensation case is whether the Trial Court erred in holding that an accident and resulting injuries involving plaintiff arose out of, and in the course of, her employment.[1]

We are of the opinion that the Trial Court judgment is erroneous, and we therefore reverse and dismiss.

Plaintiff was a secretary in the marketing department of the defendant Teledyne on September 30, 1980. She had been employed by the defendant company in one capacity or another since July 21, 1980.

She was allergic to a number of things, such as pollen, dust, feathers, perfume and cosmetics. This condition existed prior to her employment with defendant. Because of these allergies, she had an air filter at her home that ran continuously while she was there. From time to time, she would receive an allergy shot when she felt the need.

Plaintiff normally worked from 7:30 A.M. to 4:00 P.M., for which she was paid $5.00 per hour. She was required to punch a time clock. On September 30, 1980, she punched in at 7:30 A.M. She testified that there was dust in her office, that the outside walls of the defendant's building were being sandblasted, and that after approximately an hour she began to suffer from her allergy. She asked for and received permission from her superior to return to her home in Chapel Hill, Tennessee, to get her air filter. Her home was approximately 22 miles distant from her work place.

She left her place of employment in Lewisburg, Tennessee, at 9:45 A.M., but did not punch out on the time clock, though it was her intention to do so. Later in the day, she called the payroll section and advised them of the time of leaving and asked them to sign her out as of 9:45 A.M. Plaintiff

1. Defendants also except to the Trial Court's holding that the required notice was given to the employer; however, in view of our disposition of the case, we find it unnecessary to discuss this aspect of the case.

went to her home, got the air filter and a piece of cheese to eat, and started back. Between three and five miles from her home, she had an automobile accident with a rural mail carrier. This accident occurred seventeen to nineteen miles from defendant's plant, and plaintiff was driving her own car, paid for her own gas, and was not compensated in any way for her time off from work. It is this accident and resulting injuries that the Trial Court held arose out of, and in the course of, plaintiff's employment.

Plaintiff was familiar with the policy of the defendant requiring that when an employee was granted permission to leave the facility during the work day for reasons other than company business, he must clock out, and upon returning to work he must clock back in. This familiarity is shown by proof of written memoranda furnished to plaintiff and when plaintiff's personnel records are reviewed.

These personnel records indicated that on the date of Plaintiff's accident, she took 5.7 hours leave without pay. The records further indicated that Plaintiff took sick leave of two and one-half hours on August 21, 1980, five and a half hours on August 22, 1980, and the balance of August 22, 1980, which amounted to an actual day off. On August 28, 1980, she had a full day off without pay. Also, on September 1, 1980, she had three and one-half hours of leave without pay; on September 5, 1980, eight hours of leave without pay; and on September 22, 1980, she had eight hours of leave without pay.

■ Any reasonable doubt as to whether an injury arose out of and in the course of employment is to be resolved in favor of the employee. Such a finding by the Trial Court, if supported by any material evidence, will not be disturbed, but this Court is not bound by conclusions drawn from undisputed facts and may reach a different conclusion from that of the Trial Court on the same facts.

■ This Court had occasion to summarize the law on the issue here involved in *Bell v. Kelso Oil Co.*, 597 S.W.2d 731 (Tenn.1980). In the *Bell* case this court stated that:

> Generally, an injury arises out of and in the course of the employment if it has a rational causal connection to the work and occurs while the employee is engaged in the duties of his employment; and, any reasonable doubt as to whether an injury "arose out of the employment" is to be resolved in favor of the employee. *Great American Indemnity Company v. Friddell*, 198 Tenn. 360, 280 S.W.2d 908 (1955); *Tapp v. Tapp*, 192 Tenn. 1, 236 S.W.2d 977 (1951).
>
> The observation of this Court in *Travelers Insurance Company v. Googe*, 217 Tenn. 272, 279, 397 S.W.2d 368, 371 (1966), is pertinent here:
>
>> "The phase, 'in the course of,' refers to time and place and 'arising out of,' to cause or origin; and an injury by accident to an employee is 'in the course of' employment if it occurred while he was performing a duty he was employed to do; and it is an injury 'arising out of' employment if caused by a hazard incident to such employment."
>
> We have said that an injury arises out of the employment "when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work (was) required to be performed and the resulting injury." *T.J. Moss Tie Co. v. Rollins*, 191 Tenn. 577, 235 S.W.2d 585 (1951).

*Id.* at 734.

■ Using the criteria set forth, it is clear from the facts that at the time of her accident and injury, plaintiff was not performing a job which she was employed to do, and that her alleged accident and injuries did not arise out of a hazard incident to her employment. This case is distinguishable from cases where an employee in fulfilling duties of employment is injured while engaged in an errand for the benefit of employer's business. At the time of the accident she was on a personal errand several miles away from her place of employ-

ment. She was employed to be a secretary and was clocked out and away from her work at the time of her accident and injury and apparently on her way back to her place of employment. Generally, an injury received by an employee on his way to or from his place of employment does not arise out of his employment and is not compensable. *Little v. Johnson City Foundary & Mach. Co.*, 158 Tenn. 102, 11 S.W.2d 690 (1928); *Frazier v. Normak International*, 572 S.W.2d 650 (Tenn.1978). This is true unless the journey is a substantial part of the services for which the workman was employed and compensated. *Douglas v. Lewis Brothers Bakeries, Inc.*, 477 S.W.2d 202 (Tenn.1972); *Smith v. Royal Globe Ins. Co., Inc.*, 551 S.W.2d 679 (Tenn.1977). While travel is some modicum of benefit to the employer, travel to and from work is primarily for the benefit of the employee. If he doesn't present himself at the work place, he is not compensated for his labors. *Sharp v. Northwestern Nat. Ins. Co.*, 654 S.W.2d 391 (Tenn.1983).

█ Plaintiff's duties did not require that she travel for the benefit of her employer, and her employer controlled neither the manner nor the means of her travel to and from work. The facts when viewed in a light most favorable to the plaintiff simply do not take this case outside the general rule that an injury sustained enroute to and from work is not compensable.

Plaintiff's argument and reliance upon the case of *Tennessee Chemical Company v. Smith*, 145 Tenn. 532, 238 S.W. 97 (1921) is not persuasive.

The judgment of the Trial Court holding that plaintiff's accident and resulting injuries arose out of and in the course of her employment is reversed. The case will be dismissed with costs taxed against the plaintiff, for which execution may issue, if necessary.

COOPER, C.J., and FONES, BROCK and HARBISON, JJ., concur.